Filed 6/30/14  Alexander v. Superior Court CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| JUDY ALEXANDER et al., | B255755 |
| Petitioners, | (L.A.S.C. No. BC426353) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | OPINION AND ORDER GRANTING PEREMPTORY WRIT OF MANDATE |
| Respondent; | |
| COMMUNITY HOSPITAL OF LONG BEACH et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate.  Michael M. Johnson, Judge.  Petition granted.

The Law Offices of Maryann P. Gallagher and Maryann P. Gallagher for Petitioners.

No appearance for Respondent.

Lewis Brisbois & Smith, Jeffry A. Miller, John L. Barber, Laura J. Anson, and Brittany H. Bartold for Real Party in Interest Community Hospital of Long Beach.

Gordon & Rees, Stephanie P. Alexander and Nathaniel J. Tarvin for Real Parties in Interest Memorial Psychiatric Health Services, Inc. and Memorial Counseling Associates Medical Group, Inc.

The trial court abused its discretion in denying Judy Alexander, Lisa Harris and Johann Hellmannsberger's (collectively referred to as Alexander) ex parte application for relief from a jury waiver.[1]  Accordingly, the petition is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a wrongful termination case arising from the discharge in 2009 of three nurses who were all long-term employees at Community Hospital of Long Beach. Community Hospital of Long Beach contracted with Memorial Counseling Associates and Memorial Psychiatric Health Services, Inc. (the Hospitals).

On November 19, 2009 Alexander filed a complaint for discrimination/wrongful termination against the Hospitals and requested a jury trial.  On January 21, 2010, when the Hospitals appeared, they demanded a jury trial.  On June 10, 2010 an initial case management conference was held, and all parties requested a jury trial.  A jury trial was scheduled for April 11, 2011, but the date was subsequently vacated.  On May 5, 2011, Alexander submitted a case management conference statement requesting a jury trial.  On June 8, 2011, a trial setting conference was held, all counsel appeared, and a jury trial was set for January 23, 2012.  Subsequently, on July 30, 2013, after a delay due to an appeal of an arbitration order, the trial court held a status conference and set a jury trial for April 28, 2014.  On February 13, 2014, the Hospitals submitted their case management conference statement requesting a jury trial with an estimate of 10 days.

---

[1]     As there is not a plain, speedy and adequate remedy at law, and in view of the fact that the issuance of an alternative writ would add nothing to the presentation already made, we deem this to be a proper case for the issuance of a peremptory writ of mandate "in the first instance."  (Code Civ. Proc., § 1088; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1237–1238; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240–1241; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222–1223; *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35.)  We requested and received opposition and notified the parties of the court's intention to issue a peremptory writ. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.)

On April 3, 2014, Alexander was to post jury fees, but did not because of her attorney staff's clerical error. On April 8, 2014, the parties agreed to a jury questionnaire. On April 16, 2014, the Hospitals submitted their proposed statement of the case and proposed jury instructions.

On April 18, 2014, Alexander's counsel reviewed the trial court's tentative rulings on the motions in limine, set for April 21, 2014, wherein it was stated that Alexander had not posed jury fees in a timely manner. Alexander's counsel immediately posted jury fees on April 18, 2014.

On April 21, 2014, Alexander filed an ex parte application for relief from the jury waiver. The Hospitals opposed the application and argued prejudice in that a jury trial could take longer than a court trial and it would be more expensive. Community Hospital of Long Beach belatedly argued that it assumed that when the 25 days passed and jury fees were not posted that a jury was not going to be called. However, that is directly contradicted by the hospital's agreement on April 8, 2014 to a jury questionnaire.

On April 22, 2014, the trial court denied Alexander's ex parte application for relief from jury waiver, and stated in relevant part: "The chronology here is that fees were due April 3rd for an April 28th trial. That's required by CCP 631 (c)(3) 25 days before trial. And the failure to do that was a waiver under subdivision (f)(5). [¶] This case is unusual because one of the defendants raised the failure to post jury fees actually repeatedly. MCA and MPHS in their reply to the motion for summary judgment papers, filed and served April 11, noted that no fees had been posted and that some of the issues that had been presented in the summary judgment motion would be determined by the court at a court trial. [¶] Again, on April 14 MCA and MPHS in their briefs on some of the motions in limine said the same thing. They pointed out very clearly and expressly that no fees had been posted and issue would be determined by the court. [¶] And even when both defendants filed some of their trial papers on April 16, served on plaintiffs the same day, they pointed out in their statement of the case that it didn't appear that it was going to be a jury trial, that, again, fees had not been posted. [¶] I raised this for the first time

3

when I ruled on the motions in limine in my tentative ruling that was posted on the internet Friday, April 18. I said then that no one had posted fees and it appeared to me that this was going to be a court trial and that affected some of my in limine rulings. And it was not until yesterday, April 21st, 7 days before trial, that the plaintiffs brought out the fact that they had inadvertently failed to post jury fees and requested relief from the waiver. [¶] I've considered this. The defendants object. They both have asserted prejudice, and I find that there is prejudice from the very late assertion of the jury trial rights by plaintiff, particularly when it has been raised so much earlier in the papers filed by MCA and MPHS. [¶] I can understand the assertion by defense counsel that there are matters which change their way of approaching the case and presenting the case between a court trial and a jury trial. I think I pointed out yesterday that some of my in limine rulings — in fact, all of my in limine rulings were based upon the fact that the jury had been waived, and some of the issues would have to be revisited if this were a jury trial, simply because I think it changes the way you approach things, and the way that the matter is presented to the jury. So, I can fully understand the assertion by defense counsel that they have been affected by this change. [¶] In the basically four business days between now and the commencement of trial, I am sure there are many other things that they will have to do to prepare, and to go back and revise their expectation and preparations for a court trial, switching that to a jury trial would be prejudicial."

## DISCUSSION

The sole issue we consider is whether the trial court abused its discretion in denying Alexander's ex parte application for relief from jury waiver. We conclude that it did.

Code of Civil Procedure[2] section 631, subdivision (a) provides: "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be

---

[2] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

4

preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (f)."

Subdivision (f) provides: "A party waives trial by jury in any of the following ways: [¶] . . . [¶] (5) By failing to timely pay the fee described in subdivision (b), unless another party on the same side of the case has paid that fee."

Subdivision (g) provides: "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."

"A trial court abuses its discretion as a matter of law when '. . . relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.]' [Citations.]" (*Wharton v. Superior Court* (1991) 231 Cal.App.3d 100, 104.)

 "We hold the denial of a jury trial after waiver where no prejudice is shown to the other party or to the court is prejudicial. [¶] Inasmuch as the petitioner sought a jury trial throughout the proceedings and took prompt action upon receiving notice that the jury fees had not been deposited, and real parties in interest have not and did not establish that any prejudice would result from allowing a jury trial, and the court did not base its decision upon necessities for the smooth functioning of the proceedings before it, we hold that the denial of a jury trial to petitioner in this case was an abuse of discretion." (*Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 654.)

The uncontradicted facts show that Alexander first became aware that jury fees had not been posted on April 18, 2014. Thereafter, Alexander sought quickly to rectify the problem. The same day Alexander posted jury fees. Just three days later, on April 21, 2014, Alexander filed an ex parte application for relief from jury waiver on the ground that fees had not been posted due to clerical error in counsel's office. These facts established good cause for granting relief. The failure to post fees was excusable and the delay between discovery of the error and the ex parte application was very short.

The Hospitals, however, argue that the trial judge correctly denied the ex parte application because the Hospitals were prejudiced by the delay. They further argue that a

jury trial would take longer than a court trial and be more expensive. A fact that the trial would take longer if tried by a jury is not a sufficient showing of prejudice to overcome the extreme prejudice to Alexander of a denial of the right to a jury trial. (*Winston v. Superior Court* (1987) 196 Cal.App.3d 600.) In *Winston*, the court held that the fact the parties would have to prepare for a jury trial is not a sufficient showing of prejudice to overcome the request for relief from waiver. The court stated: "Counsel also alleges prejudice from the fact that a jury trial would take more time than a trial to the court. The prejudice a real party must show is prejudice from the granting of relief from waiver and not prejudice from the jury trial." (*Id.* at p. 603.)

Moreover, the Hospitals point out that Alexander received several notices of the failure to post jury fees. On April 11, 2014, the Hospitals informed Alexander, in their reply to the summary judgment motion, that Alexander failed to post jury fees. The Hospitals argued that some of the issues in the summary judgment motion could be determined by the court at a court trial. Further, on April 14, 2014, the Hospitals again stated in a motion in limine reply that jury fees had not been posted and therefore some issues would be determined by the court. In addition, on April 16, 2014, the Hospitals stated in their joint proposed statement of the case that jury fees had not been posted. The Hospitals "observe[d] that no party appears to have posted jury fees in this action." The actual notice to Alexander was at most seven days before she posted jury fees and only three days later she requested ex parte relief from the jury waiver, six days prior to trial, at the time of the final status conference.

The Hospitals argue they would be prejudiced if they had to go back and revise their expectation and preparations for a court trial. They made strategic decisions in trial preparation, and a change to a jury trial would work hardship on their trial preparation. These are claims not supported by any declaration in the record before us and therefore we do not consider them. Moreover, even after informing Alexander prior to April 18, 2014 that jury fees had not been posted, the Hospitals fail to show that they changed their trial preparation.

6

In any case, the delay between April 18, 2014, the day the trial court announced there would be no jury trial, and April 21, 2014, the date the Hospitals became aware that there might be one was only three days. The Hospitals do not dispute that until April 18, 2014, all parties expected the matter to proceed as a jury trial on April 28, 2014, and had been preparing for it.

The trial court's denial of Alexander's ex parte application for relief from jury waiver constituted an abuse of discretion.

## DISPOSITION

THEREFORE, let a peremptory writ issue, commanding respondent superior court to vacate its order of April 22, 2014, denying Alexander's ex parte application for relief from jury waiver and to issue a new and different order granting same, in Los Angeles Superior Court case No. BC426353, entitled Judy Alexander et al. v. Community Hospital of Long Beach et al.

The temporary stay order is hereby terminated.

All parties shall bear their own costs.

NOT TO BE PUBLISHED.

THE COURT:


_____    _____    _____

    CHANEY, Acting P. J.              JOHNSON, J.                 MILLER, J.*

_____

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice Pursuant to article VI, section 6 of the California Constitution.