[No. B057008. Second Dist., Div. Six. June 12, 1991.]

DALE CRAIG WHARTON et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent;
GRIZZELLE M. MALAVE, Real Party in Interest.

## COUNSEL

Dolan, Taylor & Peterson and Morton H. Steinman for Petitioners.

No appearance for Respondent.

Howard Blau and Kirby Thomas for Real Party in Interest.

**OPINION**

**YEGAN, J.**—Petitioners successfully assert that respondent court abused its discretion as a matter of law when it denied their request for a jury trial.

Real party filed a lawsuit against petitioners for injuries which she claimed to have suffered in an automobile collision. On January 19, 1990, petitioners timely answered the complaint and served a demand for jury trial.

The case was ordered into arbitration and the arbitrator issued a ruling in favor of real party. On December 3, 1990, petitioners timely filed a request for a trial de novo and posted the sum of $150 which petitioners' counsel believed was sufficient as an advanced jury fee deposit.

At the January 11, 1991, trial setting conference petitioners said that the matter would be a five-day jury trial. The case was scheduled to be tried by jury on March 15, 1991.

On March 5, 1991, respondent court mailed a notice to the parties indicating that trial by jury had been waived due to petitioners' counsel's failure to deposit the required $250. (See Code Civ. Proc., § 631, subd. (a)(5); Rules of Santa Barbara County Superior Court, rule 306.)

At the March 8, 1991 settlement conference, petitioners' counsel again requested a jury and attempted to post the $250 jury fees. This request was denied.

On March 15, 1991, petitioners appeared on a noticed written motion for an order permitting the late posting of jury fees. (Code Civ. Proc., §§ 473, 631, subd. (d).) Real party did not oppose the motion. The motion was denied by respondent court upon the ground that petitioners had not established excusable neglect.

On March 20, 1991, petitioners sought relief by way of an extraordinary writ in this court. We considered the petition on an emergency basis and on March 20, 1991, issued a conditional stay as well as an alternative writ of mandate. (Code Civ. Proc., § 1087; 8 Witkin, Cal. Procedure (3d ed. 1985) § 172, pp. 804-805.)

Our March 20, 1991 order, in pertinent part, provided: "The petition appears to state a prima facie case of abuse of discretion by the trial court in that petitioners have been improperly denied their constitutional right to a trial by jury. (California Constitution, Article I, Section 16; *Winston* v.

*Superior Court* (1987) 196 Cal.App.3d 600, 602.) [¶] Respondent superior court may therefore wish, upon the proper posting of jury fees, to grant petitioners' request for a jury trial. If so, it shall forthwith transmit a copy of the minute order to that effect."

The conditional stay was phrased: "IT IS FURTHER ORDERED that the trial is stayed pending further order of this court or unless the request of petitioners for a trial by jury is honored by respondent court, in which case, this stay shall be vacated."

By letter filed April 2, 1991, respondent court said it would await further instruction from this court after we considered the opposition papers to be filed. It also said, "as of this date, Respondent Court has not granted Petitioners' request for a jury trial."

We calendared the matter for oral argument on May 22, 1991. Just two days before oral argument, respondent court advised us that petitioners' request for a jury had been granted on May 20, 1991.

Issuance of an alternative writ of mandate gives the trial court an option which should receive timely and serious consideration. Respondent court, albeit late, recognized that our March 20, 1991, alternative writ presented it with a choice. That is, it could either allow a jury or adhere to its March 15, 1991 order denying a jury. The instant order with cited authority and a conditional stay gave respondent court a suggestion on which choice to make. By its change of position, the writ petition has been mooted. We nonetheless set forth our views since the issue is of continuing public interest.

■ "Trial by jury is an inviolate right and shall be secured to all . . . ." (Cal. Const., art. I, § 16.) It ". . . is a basic and fundamental part of our system of jurisprudence. [Citations.]" (*Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604].) "A right so fundamental and sacred to the citizen whether guaranteed by the Constitution or provided by statute, should be jealously guarded by the courts." (*Jacob* v. *New York* (1942) 315 U.S. 752, 752-753 [86 L.Ed. 1166, 1168, 62 S.Ct. 854].) Doubts concerning waiver vel non should be resolved in favor of allowing a jury. (*Vinson* v. *Los Angeles Pac. R.R. Co.* (1905) 147 Cal. 479, 483 [82 P. 53]; *Byram* v. *Superior Court, supra,* 74 Cal.App.3d at pp. 652, 654.)

■ A party may waive the right to a jury trial by operation of law, failing to pay one day's jury fees 25 days in advance of the day set for trial. (Code Civ. Proc., § 631, subd. (a)(5).) Waiver of jury is not, however, irrevocable. (*Taylor* v. *Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893, 898 [130

Cal.Rptr. 23, 549 P.2d 855].) "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury." (Code Civ. Proc., § 631, subd. (d).)

The record before us indicates that the failure to timely deposit the proper amount of fees was the result of confusion on the part of defense counsel concerning the proper amount of money required to be posted. Although it did not do so in the trial court, real party filed opposition in this court and argues that petitioners' ignorance of local court rules is not excusable neglect. (E.g., see (*Annex British Cars, Inc.* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 791 [244 Cal.Rptr. 48]; *Conway* v. *Municipal Court* (1980) 107 Cal.App.3d 1009, 1017 [166 Cal.Rptr. 246].) This argument misses the point.

Where the right to jury is threatened, the crucial focus is whether any prejudice will be suffered by any party or the court if a motion for relief from waiver is granted. (*Simmons* v. *Prudential Ins. Co.* (1981) 123 Cal.App.3d 833, 838 [177 Cal.Rptr. 37].) A trial court abuses its discretion as a matter of law when ". . . relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.]" (*Winston* v. *Superior Court* (1987) 196 Cal.App.3d 600, 602 [242 Cal.Rptr. 113]; see also *In re Cortez* (1971) 6 Cal.3d 78, 85-86 [98 Cal.Rptr. 307, 490 P.2d 819].)

Here, petitioners sought a jury trial at every conceivable stage of the proceedings and took prompt action upon receiving notice that the proper amount of jury fees had not been deposited. More significantly, neither real party nor the court established that any prejudice would result by allowing a jury.

Respondent court having granted a jury, the conditional stay order has been vacated. The alternative writ is discharged and the petition is dismissed as moot.

Stone (S. J.), P. J., and Gilbert, J., concurred.