[No. D013745. Fourth Dist., Div. One. Mar. 9, 1992.]

GEORGE MASSIE et al., Plaintiffs and Appellants, v.
AAR WESTERN SKYWAYS, INC., Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II B.

COUNSEL

Wasserman & Fairshter and Arthur Wasserman for Plaintiffs and Appellants.

Luce, Forward, Hamilton & Scripps, Donald L. Salem, Callie A. Bjurstrom, Adler, Kaplan & Begy, John W. Adler, Michael G. McQuillen and Larry S. Gosewisch for Defendant and Respondent.

OPINION

**KREMER, P. J.**—Plaintiffs George and Tom Massie (Massie) appeal a judgment favoring defendant AAR Western Skyways, Inc. (AAR), on Massie's complaint for negligence, products liability, fraud, breach of contract, and common counts after Massie declared inability to proceed to trial because of the superior court's rulings on various pretrial motions. Massie contends the court erred in granting AAR's motion to strike Massie's designation of expert witnesses and denying Massie's motion to submit a tardy designation of expert witnesses; excluding the testimony of asserted percipient witness Dick Davy; and granting AAR's motion to strike Massie's demand for jury trial and denying Massie's motion for jury trial after waiver. Concluding the court should have relieved Massie from the jury waiver and permitted Davy to testify as a percipient witness, we reverse the judgment.

## I

### SUPERIOR COURT PROCEEDINGS

In February 1989 Massie sued AAR for personal injuries and property damage allegedly incurred in April 1988 when Massie's aircraft suffered an in-flight engine failure and made a forced emergency landing because of AAR's errors in overhauling the aircraft's engine in April 1985.

In June 1989 AAR answered Massie's complaint.

In July 1989 the parties filed a joint at issue memorandum noting Massie requested a jury trial.

On May 11, 1990, at a trial setting conference, the court set the matter for trial on September 4, 1990. The court ordered the parties to exchange their first designations of expert witnesses by May 17, 1990.

On May 17, 1990, AAR served on Massie its first designation of expert witnesses.

On June 22, 1990, Massie served AAR with a first designation of expert witnesses naming as experts chiropractor Randall Keith and aircraft mechanics expert Davy.

On July 9, 1990, AAR filed a motion to strike Massie's designation of expert witnesses as untimely. (Code Civ. Proc., § 2034, subd. (j).)[2] The same day, Massie filed a motion to submit a tardy designation of expert witnesses. (§ 2034, subd. (l).)

On July 24, 1990, the superior court granted AAR's motion to strike Massie's designation of expert witnesses. The court denied Massie's motion to submit a tardy designation of expert witnesses.

On August 6, 1990, the parties appeared for a joint disposition conference. The court stated Massie had waived the right to a jury trial by not posting jury fees as required under San Diego Superior Court Rules,[3] division II, rule 1.12. In the parties' joint disposition conference report Massie named Davy and Keith as witnesses to be called at trial; AAR objected, asserting Massie was attempting to circumvent the court's earlier order striking Massie's designation of expert witnesses.

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3] All rule references are to the San Diego County Superior Court Rules unless otherwise specified.

On August 7, 1990, Massie deposited $145 advance jury fees and filed a demand for jury trial.

On August 9, 1990, AAR filed an ex parte application to strike Massie's demand for jury trial. The court granted AAR's application. The same day Massie filed an ex parte application for an order allowing jury trial after waiver. The court denied Massie's application.

On August 15, 1990, Massie filed an ex parte application for an order shortening time to file papers "renewing" the motion to submit a tardy designation of expert witnesses. The court denied Massie's application.

On August 29, 1990, AAR filed motions *in limine* to preclude testimony by Davy and Keith.

On August 31, 1990, we denied Massie's petition for writ of mandate seeking relief from the superior court's orders granting AAR's motion to strike Massie's untimely designation of expert witnesses and AAR's motion to strike Massie's demand for jury trial.

On September 4, 1990, the matter came for trial. The court granted AAR's motion to preclude Davy from testifying in any capacity.[4] Massie then announced inability to proceed. The court entered judgment favoring AAR. Massie appeals.

## II

### DISCUSSION

### A

### RIGHT TO JURY TRIAL

### 1

### MASSIE'S WAIVER

 As an officer of the court Massie's counsel bore professional responsibility to be aware of and knowledgeable about local court rules. (*Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 499 [256 Cal.Rptr. 296]; *Annex British Cars, Inc.* v. *Parker-Rhodes* (1988) 198 Cal.App.3d 788, 791 [244 Cal.Rptr. 48].)

---

[4]The court stated chiropractor Keith could not give his opinion but could testify about the treatment he gave as Massie's treating physician.

Effective July 1, 1990, rule 1.12 provided in relevant part:

"When setting a case for trial, the court shall determine which party demands a jury, who will post fees and set a deadline for the deposit of the fees. Absent a court order to the contrary, said fees shall be posted at least five court days before the joint disposition conference. Failure to deposit the fees on or before the date ordered and/or set forth above will constitute a waiver of the right to a jury. [¶] At the time of the disposition conference, the court will notify the parties of any such waiver."

On August 6, 1990, when the parties appeared for the joint disposition conference, Massie had not deposited jury fees. Thus, the court properly notified the parties Massie had waived the right to a jury trial. (Rule 1.12.)

2

MASSIE'S REQUEST FOR JURY TRIAL AFTER WAIVER

On August 7, 1990, Massie deposited $145 advance jury fees and filed a demand for jury trial.

On August 9, 1990, Massie sought an order allowing jury trial after waiver. The court denied Massie's request. At AAR's request the court struck Massie's demand for jury trial.

Massie contends the court erred in not allowing a jury trial because in early August 1990 the matter had already been calendared as a jury trial, the parties had submitted requested jury instructions, and the trial date was almost one month away. Citing section 575.2, subdivision (b), and section 631, subdivision (d), Massie contends the court should have granted relief from the jury waiver because upon learning of rule 1.12 counsel promptly posted jury fees. We conclude the court erred in not relieving Massie from the jury waiver.

(a)

THE LAW

Section 575.1, subdivision (a), authorizes adoption of superior court local rules "designed to expedite and facilitate the business of the court" and to "provide for the supervision and judicial management of actions from the date they are filed."

Section 575.2, subdivision (a), provides such local rules may make provision for imposition of penalties for failure to comply with the rules.

Section 575.2, subdivision (b), provides: "It is the intent of the Legislature that if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto."

Section 631, subdivision (a)(5), provides a party waives the right to a jury trial by failing to deposit one day's advance jury fees 25 days before the scheduled trial date.

Section 631, subdivision (d), provides: "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."

In *Cooks* v. *Superior Court* (1990) 224 Cal.App.3d 723 [274 Cal.Rptr. 113], the superior court as a sanction denied a jury trial because defense counsel failed to submit proposed jury instructions within the deadline set by local "fast-track" rules of court. (*Id.* at pp. 724-725.) The defendant was not personally responsible for omitting the jury instructions. (*Id.* at pp. 725-726.) The Court of Appeal issued mandate directing the superior court to vacate its orders striking the defendant's jury request and denying the defendant's motion to reinstate her demand for jury trial. (*Id.* at pp. 727-728.) The Court of Appeal construed section 575.2, subdivision (b), to mean "any sanction imposed shall be only upon counsel, not the innocent party, and that such sanction upon counsel shall not adversely affect the party's cause of action or defense thereto." (224 Cal.App.3d at p. 726.) The Court of Appeal noted: "Cases have held section 575.2, subdivision (b) applicable both to fast-track local rules and other local rules, promulgated pursuant to section 575.1, affecting supervision and management of actions." (*Ibid.*)

In *Moyal* v. *Lanphear, supra,* 208 Cal.App.3d 491, we reversed the superior court's sanction of dismissal against a plaintiff for plaintiff's counsel's failure to file a joint at-issue memorandum within the time specified under local fast-track rules. (*Id.* at pp. 494-496, 502-504.) We stated section 575.2, subdivision (b), "constitutes an exception to the general rule the negligence of an attorney is imputed to the client. [Citation.]" (208 Cal.App.3d at p. 499.) We noted in enacting section 575.2, subdivision (b), the Legislature "made clear its intent a party's cause of action should not be impaired or destroyed by his or her attorney's procedural mistakes. [Citation.] Further, the court is required to invoke section 575.2(b) on its own motion when appropriate to guarantee the protection of an innocent party's right of action. [Citation.]" (208 Cal.App.3d at p. 502.)

In *State of California* ex rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018 [228 Cal.Rptr. 576], the appellate court reversed the superior court's imposition of the sanction of issue preclusion against a party for

counsel's failure to file an appraisal report or list of experts within the deadline required by local rules. The appellate court stated: "Any sanctions imposed should have been limited to counsel because counsel, not the client, was responsible for filing the incomplete appraisal report in violation of the local rules." (*Id.* at p. 1023.)

"Courts have held that, given the public policy favoring trial by jury, the trial court should grant a motion to be relieved of a jury waiver 'unless, and except, where granting such a motion would work serious hardship to the objecting party.' (*Boal* v. *Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 809 [212 Cal.Rptr. 42].) Where doubt exists concerning the propriety of granting relief from such waiver, this doubt, by reason of the constitutional guarantee of right to jury trial (Cal. Const., art. I, § 16), should be resolved in favor of the party requesting trial by jury. [Citation.] [¶] The court abuses its discretion in denying relief where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.] The prejudice which must be shown from granting relief from the waiver is prejudice from the granting of relief and not prejudice from the jury trial. [Citation.]" (*Gann* v. *Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1703-1704 [283 Cal.Rptr. 128].)

In *Winston* v. *Superior Court* (1987) 196 Cal.App.3d 600 [242 Cal.Rptr. 113], a party suffered waiver of a jury trial for not timely posting jury fees. (*Id.* at pp. 601-602.) The superior court denied the party's motion for relief from the waiver. (*Id.* at p. 602.) The Court of Appeal issued mandate directing the superior court to restore the case to the jury calendar. (*Id.* at p. 603.) The Court of Appeal noted section 631 expressly provided "a court may, in its discretion, allow a trial by jury although there has been a waiver. Discretion in this regard is abused if relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.]" (196 Cal.App.3d at p. 602.)

In *Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648 [141 Cal.Rptr. 604], the plaintiff inadvertently failed to deposit jury fees on time. (*Id.* at p. 650.) Jury trial was thus waived. (§ 631.) The Court of Appeal stated: "The purpose of section 631 is to provide a means whereby the parties may waive a jury but not to impose conditions constituting an irrevocable waiver, and the trial court has discretion to allow a jury trial despite a prior waiver. [Citation.]" (74 Cal.App.3d at pp. 650-651.) The Court of Appeal held "the

denial of a jury trial after waiver where no prejudice is shown to the other party or to the court is prejudicial." (*Id.* at p. 654.)[5]

(b)

ANALYSIS

■ Massie's not timely posting jury fees was apparently attributable to counsel's unfamiliarity with rule 1.12.[6] The resulting waiver of jury trial necessarily adversely affected Massie's case. Nothing in the record suggests Massie was responsible for counsel's failure. (§ 575.2, subd. (b); *Cooks* v. *Superior Court, supra,* 224 Cal.App.3d at p. 726; *Moyal* v. *Lanphear, supra,* 208 Cal.App.3d at p. 502; *State of California* ex rel. *Public Works Bd.* v. *Bragg, supra,* 183 Cal.App.3d at p. 1023.) Upon learning of rule 1.12, Massie's counsel acted promptly to post jury fees and seek relief from the jury waiver. (*Byram* v. *Superior Court, supra,* 74 Cal.App.3d at p. 653.) Further, nothing in the record suggests granting Massie relief from the jury waiver would prejudice AAR. (*Gann* v. *Williams Brothers Realty, Inc., supra,* 231 Cal.App.3d at p. 1704; *Winston* v. *Superior Court, supra,* 196 Cal.App.3d at p. 602; *Byram* v. *Superior Court, supra,* 74 Cal.App.3d at p. 654.) To the contrary, from at least as early as the July 1989 joint at issue memorandum AAR knew Massie wanted a jury trial. By August 6, 1990, both parties proposed their requested jury instructions and included them in their joint disposition conference report. Under these circumstances, the superior court should have permitted a jury trial and imposed any penalty only on Massie's counsel. (§ 575.2, subd. (b).)

---

[5]In *Wharton* v. *Superior Court* (1991) 231 Cal.App.3d 100 [282 Cal.Rptr. 349], the writ petition was moot but the Court of Appeal set forth its views because it deemed the issue to be of continuing public interest: "The record before us indicates that the failure to timely deposit the proper amount of fees was the result of confusion on the part of defense counsel concerning the proper amount of money required to be posted. Although it did not do so in the trial court, real party filed opposition in this court and argues that petitioners' ignorance of local court rules is not excusable neglect. [Citations.] This argument misses the point. [¶] Where the right to jury is threatened, the crucial focus is whether any prejudice will be suffered by any party or the court if a motion for relief from waiver is granted. [Citation.] A trial court abuses its discretion as a matter of law when '. . . relief has been denied where there has been no prejudice to the other party or to the court from an inadvertent waiver. [Citations.]' [Citations.] [¶] Here, petitioners sought a jury trial at every conceivable stage of the proceedings and took prompt action upon receiving notice that the proper amount of jury fees had not been deposited. More significantly, neither real party nor the court established that any prejudice would result by allowing a jury." (*Id.* at p. 104.)

[6]In *Winston* v. *Superior Court, supra,* 196 Cal.App.3d 600, the appellate court stated: "Counsel's mistake as to the time for depositing jury fees resulted from the existence of two conflicting statutes." (*Id.* at p. 602.) We note rule 1.12's time for depositing jury fees differs from section 631's time requirement.

## B

## Expert Witnesses*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## Disposition

The judgment is reversed. Each side shall bear its own costs on appeal.

Wiener, J., and Nares, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 27, 1992.

---

*See footnote 1, *ante*, page 405.