Filed 6/24/13  Muhammad v. Eden Housing Management CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>          Plaintiff and Appellant,<br><br>v.<br><br>EDEN HOUSING MANAGEMENT, INC.,<br><br>          Defendant and Respondent. | A134508<br><br>(Contra Costa County<br>Super. Ct. No. C08-00943) |

Plaintiff James Karim Muhammad, acting in pro. per., sued the manager of his apartment complex, defendant Eden Housing Management, Inc. (Eden), and two of its employees in connection with an alleged assault by one of the employees.  When Eden and Muhammad appeared for an anticipated jury trial, the trial court refused to honor Muhammad's demand for a jury trial because he had not timely posted jury fees.  Muhammad contends he was wrongly denied a jury trial because there was no demonstration of prejudice resulting from his failure to post fees.  We agree and reverse.

### I.  BACKGROUND

On April 9, 2008, Muhammad, representing himself, filed a complaint against the company that managed his apartment building, Eden, and two of its employees, Toni Cummings and Mary Louise Green-King.  The complaint stated claims for negligent failure to supervise, battery, and elder abuse against Eden, Cummings, and Green-King, and for slander against the individual defendants.  Cummings and Green-King were never

served.  After a round of appellate proceedings, the trial court set the case for jury trial on January 30, 2012.[1]

On January 17, 2012, 13 days before the trial date, Muhammad applied, apparently for the first time, for a waiver of jury fees and other trial-related fees.[2]  On the same day, the trial court entered an order granting the motion in part.  The order was a Judicial Council form with boxes to be checked to award various types of fee waivers.  The court's original order, which we requested from the clerk of the superior court, has check marks in the boxes for waivers of court fees and fees for a peace officer to testify in court.  Check marks had been "whited out" in the boxes for granting waivers of jury fees, court-appointed expert fees, and reporter's fees.  There are no initials or dates next to the boxes to suggest when or by whom the whiting-out was done.

When the matter was called for trial on January 30, the trial court opened the proceedings by saying, "I'm ready to proceed with the trial.  Mr. Muhammad, excuse me, you did not post jury fees.  So, does defendant waive jury?"  When counsel for Eden responded affirmatively, the court replied, "All right.  This will be a court trial." Muhammad protested, contending that he understood the court's order to grant his request to waive jury fees.[3]  Before the court could respond, Muhammad requested a continuance of the trial for a week to allow him to raise the money and deposit the fees. Then he offered to deposit the fees the next day.  The trial court insisted his application for a waiver of jury fees had been denied, since "[t]he county does not have the money to pay for jury fees."  The court noted that Muhammad's waiver application had been

---

[1] A default judgment for $1 million was entered against Eden a few months after the complaint was filed.  In a prior decision, we affirmed the trial court's decision vacating the default judgment on grounds of mistake.  (*Muhammad v. Eden Housing Management, Inc.* (Aug. 27, 2009, A123321) [nonpub. opn.].)

[2] Two earlier fee waiver applications by Muhammad, both from 2008, are in the record, but neither of them seeks a waiver of jury fees.

[3] Because there is no copy of Muhammad's copy of the court's order in the appellate record, we cannot determine whether his copy was created before or after the whiting-out of the check marks.

2

untimely in any event, since the time for posting fees had passed prior to the filing of the application. Muhammad reiterated his request for a day's continuance to post jury fees and his belief the waiver had been granted. The court responded, "We're past that. This is a court trial. We are starting right now."

The matter proceeded to trial before the court, resulting in a decision for Eden.

## II. DISCUSSION

Muhammad raises several issues, but we find it necessary to address only the denial of a jury trial.

The failure to post jury fees in a timely manner effects a waiver of the right to a jury trial. (Code Civ. Proc., former § 631, subd. (d)(5); *Tesoro del Valle Master Homeowners Assn. v. Griffin* (2011) 200 Cal.App.4th 619, 638 (*Tesoro*).) There can be no dispute Muhammad failed to make a jury fees deposit or seek a waiver of the fee requirement within the statutory time. In January 2012, section 631, subdivision (b) required a party seeking a jury trial to post jury fees "at least 25 calendar days before the date initially set for trial." (Code Civ. Proc., former § 631, subd. (b).)[4] Because the trial was scheduled to begin on January 30, Muhammad was required by former section 631 to make a jury fees deposit no later than January 5, 2012. It is not disputed that, on that date, no deposit had been posted, nor had Muhammad filed his application for a waiver of jury fees. Accordingly, his right to a jury trial was waived.

Notwithstanding Muhammad's waiver, the trial court had the discretion to permit a jury trial despite his failure to post fees. (Code Civ. Proc., § 631, subd. (g); *Tesoro, supra,* 200 Cal.App.4th at p. 638.) Further, a trial court *should* grant a motion to be relieved of a jury waiver "unless, and except, where granting such a motion would work serious hardship to the objecting party." (*Boal v. Price Waterhouse & Co.* (1985)

---

[4] Amendments to Code of Civil Procedure section 631 enacted last year have since changed the due date for posting jury fees to the date scheduled for the initial case management conference. (Code Civ. Proc., § 631, subd. (c).) The provision stating that the failure to post jury fees in a timely manner effects a waiver has been renumbered subdivision (f)(5).

3

165 Cal.App.3d 806, 809.) When there is doubt concerning the propriety of granting relief from a waiver, the doubt should be resolved in favor of the party seeking a trial by jury. (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 956.) The court abuses its discretion if it denies relief when there has been no prejudice to the other party or the court from an inadvertent waiver. (*Tesoro,* at p. 638; *Massie v. AAR Western Skyways, Inc.* (1992) 4 Cal.App.4th 405, 410.)

The trial court's declaration that Muhammad had waived his right to a jury trial and its refusal to grant relief from that waiver occurred sua sponte, with no demonstration of prejudice by Eden. At oral argument on this appeal, Eden's counsel conceded it had neither claimed nor demonstrated prejudice as a result of Muhammad's failure timely to post jury fees. Nor did the trial court articulate any prejudice that might have been suffered by the court. Although the court mentioned the expense of jury fees, it resolved that issue by denying Muhammad's request for a waiver of fees.[5] It was an abuse of discretion for the trial court to decline to relieve Muhammad of his waiver in the absence of demonstrated prejudice. (*Tesoro, supra,* 200 Cal.App.4th at p. 638; *Massie v. AAR Western Skyways, Inc., supra,* 4 Cal.App.4th at p. 410.)

The wrongful denial of a jury trial is reversible error per se. (*Villano v. Waterman Convalescent Hospital, Inc.* (2010) 181 Cal.App.4th 1189, 1205.) The trial court's judgment must therefore be reversed and the matter remanded for a new trial. Because of the confusion over the trial court's ruling on Muhammad's application for a waiver of jury fees, he may file a renewed application following remand. (See Gov. Code, §§ 68631, 68632; Cal. Rules of Court, rules 3.51, 3.56.)

### III. DISPOSITION

The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this decision.

---

[5] We make no ruling on the validity of the trial court's invocation of the superior court's financial condition as a basis for denying a waiver of jury fees. We note, however, that a fee waiver appears to be mandatory if an applicant meets certain statutory criteria. (Gov. Code, § 68632.)

4

                                         _____

                                         Margulies, Acting P.J.

We concur:

_____

Dondero, J.

_____

Banke, J.