Filed 1/21/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| TRICOAST BUILDERS, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> NATHANIEL FONNEGRA, <br><br> Defendant and Respondent. | B303300 <br><br> (Los Angeles County <br> Super. Ct. No. PC056615) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Connette Law Office and Michael T. Connette for Plaintiff and Appellant.

Eric Bensamochan for Defendant and Respondent.

_____

Plaintiff and appellant TriCoast Builders, Inc. (TriCoast), brought this action against defendant and respondent Nathaniel Fonnegra in September 2015. The matter was originally set for a jury trial at Fonnegra's request. On September 23, 2019, the day of trial, Fonnegra waived a jury trial. TriCoast made an oral request for a jury trial and offered to post jury fees that day. The trial court ruled that TriCoast waived its right to a jury trial by failing to timely post jury fees and denied TriCoast's oral motion for relief from the waiver. TriCoast did not seek writ review of the trial court's denial of relief from jury waiver, and the matter proceeded to a bench trial at which Fonnegra prevailed.

The Legislature's 2012 amendments to Code of Civil Procedure[1] section 631 provide that a civil litigant may waive their constitutional right to a jury trial by failing to timely deposit jury fees in advance of trial, and the trial court's decision on whether there has been such a waiver is reviewed under an abuse of discretion standard. These provisions are clear and unequivocal. Finding no abuse of discretion in the trial court's order determining a waiver occurred in this case, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

**Factual background**

Fonnegra was the owner of residential property located in Santa Clarita (the property). In May 2014, the property was damaged by a fire. The following month, Fonnegra entered into a contract with TriCoast, a general building contractor, for the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

provision of construction services, labor, and materials to repair the property. Apparently dissatisfied with TriCoast's work, Fonnegra terminated the contract in July 2015. (*TriCoast Builders, Inc., v. Lakeview Loan Servicing, LLC* (Jan. 26, 2021, B297960) [nonpub. opn.].)

**The operative complaint**

On September 10, 2015, TriCoast initiated this lawsuit against Fonnegra, certain servicers and subservicers of Fonnegra's loan on the property, a public adjuster, and the new contractor Fonnegra hired after he terminated his relationship with TriCoast. The operative pleading is the second amended complaint, which was filed on March 12, 2018.

**Pretrial proceedings and trial**

A seven-day jury trial between TriCoast and Fonnegra was scheduled to begin September 23, 2019.[2] On that day, Fonnegra waived jury trial. TriCoast objected, made an oral request to proceed by jury trial, and offered to post jury fees that day. TriCoast argued that its counsel had prepared for a jury trial and Fonnegra's announcement that it was waiving a jury on "the morning of trial" was "unfair."

Noting that TriCoast had never posted jury fees and that the offer to do so on the day of trial was untimely, Fonnegra moved for the case to proceed to a bench trial pursuant to section 631, subdivision (d).

---

[2] The other five defendants either prevailed by demurrer and/or summary judgment or settled with TriCoast. Although the appellate record does not indicate whether Fonnegra timely posted jury fees, Fonnegra's counsel represented at oral argument that he did.

3

The trial court agreed that that TriCoast's request for a jury and offer to post jury fees on the day of trial was untimely and that the matter would proceed as a court trial.

When TriCoast insisted it had a due process right to a jury trial, the trial court indicated that TriCoast could seek writ review: "Well, I mean not that you wouldn't win on a writ. I don't know. I've been taken up on a writ before and it's always come back a court trial." TriCoast did not seek writ review, and the trial court's minute order confirms that TriCoast's oral motion to proceed by jury trial was denied.

Thereafter, counsel and the trial court discussed witness scheduling. The trial court then indicated that it would begin the bench trial immediately, eliminating any witness scheduling issues.

**Judgment; motion for new trial; appeal**

Following trial, the trial court signed a statement of decision in favor of Fonnegra and against TriCoast. Judgment was entered; TriCoast's motion for a new trial was denied; and this appeal followed.

## DISCUSSION

The California Constitution states that "[t]rial by jury is an inviolate right and shall be secured to all," but "[i]n a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute." (Cal. Const., art. I, § 16.) A party waives the right to a jury trial by failing to make a timely deposit of jury fees under section 631, subdivision (f)(5).[3] A court accordingly

---

[3] Section 631, subdivision (f)(5) states that "[a] party waives trial by jury . . . [¶] . . . [¶] [b]y failing to timely pay the fee described in subdivision (b), unless another party on the same

4

may refuse a jury trial if jury fees are not deposited as required by section 631, and the litigants are not thereby deprived of any constitutional right.  (*Still v. Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378, 388 (*Still*).)

If a party has waived the right to a jury trial under section 631, subdivision (g) of that statute gives the trial court discretion to grant relief from such waiver:  "The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."  "In exercising its discretion, the trial court may consider delay in rescheduling jury trial, lack of funds, timeliness of the request and prejudice to the litigants." (*Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704 (*Gann*).)  Prejudice to the court or its calendar are also relevant considerations.  (*Ibid.*; *Wharton v. Superior Court* (1991) 231 Cal.App.3d 100, 104 (*Wharton*); *Glogau v. Hagan* (1951) 107 Cal.App.2d 313, 318 (*Glogau*).)

A trial court's discretionary decision to grant or deny relief under section 631, subdivision (g) will not be disturbed absent an abuse of discretion.  (*McIntosh v. Bowman* (1984) 151 Cal.App.3d 357, 363 (*McIntosh*).)  "A court does not abuse its discretion

---

side of the case has paid that fee."  Section 631, subdivision (b) of the statute states:  "At least one party demanding a jury on each side of a civil case shall pay a nonrefundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case.  The fee shall offset the costs to the state of providing juries in civil cases.  If there are more than two parties to the case, for purposes of this section only, all plaintiffs shall be considered one side of the case, and all other parties shall be considered the other side of the case.  Payment of the fee by a party on one side of the case shall not relieve parties on the other side of the case from waiver pursuant to subdivision (f)."

where any reasonable factors supporting denial of relief can be found even if a reviewing court, as a question of first impression, might take a different view." (*Gann, supra*, 231 Cal.App.3d at p. 1704.) As our Supreme Court has stated: "As with all actions by a trial court within the exercise of its discretion, as long as there exists 'a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action.'" (*Gonzales v. Nork* (1978) 20 Cal.3d 500, 507.)

## I. Failure to seek writ review or demonstrate prejudice

A writ of mandate is the proper remedy to secure a jury trial allegedly wrongfully withheld. (*Byram v. Superior Court* (1977) 74 Cal.App.3d 648, 654 (*Byram*); see *Gann, supra*, 231 Cal.App.3d at p. 1704; *Winston v. Superior Court* (1987) 196 Cal.App.3d 600, 603 (*Winston*); *McIntosh, supra*, 151 Cal.App.3d at p. 364.) A party who fails to seek writ review of an order denying relief from jury waiver under section 631 must demonstrate actual prejudice when challenging such an order after the trial has been concluded. (*Byram*, at p. 653; see *McIntosh*, at p. 363.) The court in *Byram* explained why requiring a showing of prejudice is reasonable in these circumstances: "'Defendants cannot play "Heads I win, Tails you lose" with the trial court.' Reversal of the trial court's refusal to allow a jury trial after a trial to the court would require reversal of the judgment and a new trial. It is then reasonable to require a showing of actual prejudice on the record to overcome the presumption that a fair trial was had and prejudice will not be presumed from the fact that trial was to the court or to a jury."

6

(*Byram*, at p. 653.)  While noting that such a showing may be difficult, the court in *Gann* endorsed this view.  (*Gann*, at p. 1704.)  "[P]rejudice will not be presumed from the fact that the trial was to the court rather than to the jury.  [Citations.] Rather, it is presumed that the party [denied relief from a jury waiver] had the benefit of a fair and impartial [court] trial." (*Ibid.*)

The court in *Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1 (*Mackovska*), rejected the *Byram, McIntosh* and *Gann* courts' conclusion that prejudice must be shown by an appellant who failed to seek writ review of an order denying relief from jury waiver.[4]  In doing so, the *Mackovska* court emphasized the "the inviolate nature" of the constitutional right to a jury trial (*Mackovska*, at pp. 12-17), but conflated denial of the right to a jury trial "in the first instance*,*" absent any prior waiver, with denial of a motion for relief from a jury trial waiver (*id.* at p. 16).  The two circumstances are not the same.  The California Constitution recognizes trial by jury as "an inviolate right," but explicitly states that that right may be

_____

[4]     Other courts have reversed judgments on appeal following the refusal to grant relief from a jury waiver without requiring a showing of actual prejudice.  (*Boal v. Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 810-811 (*Boal*); *Bishop v. Anderson* (1980) 101 Cal.App.3d 821, 823-825 (*Bishop*); see *Massie v. AAR Western Skyways, Inc.* (1992) 4 Cal.App.4th 405, 412 (*Massie*).) The courts in these cases do not, however, address the *Byram, Gann* and *McIntosh* line of authority requiring that parties proceed via writ of mandate to challenge the allegedly wrongful denial of a jury trial.  In addition, these cases are distinguishable as they all involved inadvertent waiver of a jury trial, not an intentional decision to waive a jury, as was the case here.

waived "as prescribed by statute." (Cal. Const., art. I, § 16.)
Section 631 states that a party waives the right to a jury trial by
failing to timely deposit jury fees and makes relief from such
waiver within the trial court's discretion. (§ 631, subds. (f)(5),
(g).) A trial court's discretionary decision to deny relief when jury
fees have not been deposited as required by section 631 does not
deprive the litigants of any constitutional right. (*Still, supra*, 21
Cal.App.3d at p. 388.) There is no constitutional right to relief
from a jury waiver.

The court in *Mackovska* asserted that the principle
articulated in *Gann, McIntosh* and *Byram* that courts will not
presume prejudice from denial of relief from jury waiver because
we assume a party had the benefit of a fair and impartial court
trial is based on a faulty "'chain of case law'" that courts have
misapplied and adopted. (*Mackovska, supra*, 40 Cal.App.5th at
p. 14.) According to *Mackovska*, courts have misapplied and
repeated "questionable statement[s]" in "cases that were *tried to
a jury instead of the court* after the plaintiffs had waived their
right to a jury trial." (*Ibid.*) Of the cases cited in *Mackovska* as
support for this assertion, however, only two—*Doll v. Anderson*
(1865) 27 Cal. 248 and *Oakes v. McCarthy Co.* (1968) 267
Cal.App.2d 231, 265 (*Oakes*)—involved claimed error in having a
jury trial rather than a court trial, and the court in *Oakes* found
there had been no waiver of a jury (*Oakes*, at p. 265).[5] The other
cases cited in *Mackovska*, *Glogau, supra*, 107 Cal.App.2d 313 and
*Harmon v. Hopkins* (1931) 116 Cal.App. 184, rejected a claim of

---

[5]      Both parties in *Oakes* had demanded a jury trial at the
pretrial conference, and although the plaintiff waived the right to
a jury on the day of trial, the defendant did not. (*Oakes, supra*,
267 Cal.App.2d at p. 265.)

8

presumed prejudicial error because of a court trial rather than a trial by jury, as did *Gann, supra,* 231 Cal.App.3d at pages 1704-1705, *McIntosh, supra*, 151 Cal.App.3d at pages 363-364, and *Holbrook & Tarr v. Thomson* (1956) 146 Cal.App.2d 800, 803, a case not cited in *Mackovska.*

Cases cited in *Mackovska* as support for the premise that no showing of prejudice should be required in a posttrial challenge to denial of relief from jury waiver are inapposite.  (See *Mackovska, supra*, 40 Cal.App.5th at p. 15.)  The cases cited do not address relief from a prior jury waiver, but denial of the right to a jury trial "'in the first instance.'"  (*Id*. at p. 16; see, e.g., *Rincon EV Realty LLC v. CP III Rincon Towers, Inc.* (2017) 8 Cal.App.5th 1, 18-19 [acknowledging that courts require a showing of prejudice "in the prior waiver context when a party appeals after losing a court trial, rather than seeking immediate writ review of the order denying relief from waiver, . . . [b]ut . . . here, no valid waiver has occurred and a trial court has 'denied [a party] its constitutional right to a [jury] trial in the first instance'"]; *Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, 493 [because no waiver occurred under any of the six means specified in § 631, appellant was denied right to a jury trial in the first instance].)  *Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819 is inapposite because the court in that case held that the plaintiff, whose action was one in equity and not at law, was not entitled to a jury trial in the first instance.  (*Id*. at pp. 864-865.)

For these reasons, we disagree with *Mackovska* and agree with the courts in *Byram, McIntosh* and *Gann* that a party who did not seek writ review of an order denying relief from jury waiver under section 631 must demonstrate actual prejudice

9

when challenging the order on appeal.  Requiring such a showing does not deprive the appellant of the constitutional right to a jury trial (*Still, supra*, 21 Cal.App.3d at p. 388) and is consistent with the public policies of conserving judicial resources and promoting judicial economy by avoiding repetitive litigation—relevant factors in the exercise of a court's discretion under section 631, subdivision (g).  (See *Gann, supra*, 231 Cal.App.3d at p. 1704; *Wharton, supra*, 231 Cal.App.3d at p. 104.)

*Mackovska*, moreover, is distinguishable from this case. The appellant in *Mackovska* initially requested a trial by jury but failed to timely post jury fees.  (*Mackovska, supra*, 40 Cal.App.5th at pp. 6-7 & fn. 1.)  The trial was subsequently continued and reset as a court trial.  (*Id.* at p. 7.)  Promptly thereafter, and more than three months before the trial, the appellant posted jury fees and filed a motion for relief from jury waiver.  (*Id.* at pp. 7-8.) The court in *Mackovska* noted that the appellant had made "a timely request for relief from a jury trial waiver and neither the other party nor the court would suffer prejudice as a result of that request."  (*Id.* at p. 15.)  Here, in contrast, TriCoast made no request for a jury trial until the day of the trial, and Fonnegra objected to the untimely request.

TriCoast declined the trial court's invitation to seek writ review when its request for relief from jury waiver was denied. Instead, TriCoast waited until conclusion of the court trial, at which it was unsuccessful, to challenge the trial court's order.  On appeal, TriCoast fails to demonstrate how it was prejudiced by a court trial in lieu of a jury trial.  TriCoast claimed during oral argument that it had relied on Fonnegra's jury demand and posting of jury fees and was "sandbagged" by Fonnegra's subsequent waiver of a jury.  That purported reliance was

10

unfounded. Section 631, subdivision (b) expressly states that "[p]ayment of the fee by a party on one side of the case shall not relieve parties on the other side of the case from waiver pursuant to subdivision (f)." Subdivision (f) further states that a party waives trial by jury by failing to timely pay the jury fee "unless another party *on the same side of the case* has paid that fee." (§ 631, subd. (f)(5), italics added.)

TriCoast's failure to demonstrate prejudice from proceeding with a court trial after its request for relief from jury waiver was denied supports affirmance of the trial court's order denying relief under section 631, subdivision (g). (*McIntosh, supra*, 151 Cal.App.3d at p. 363; *Byram, supra,* 74 Cal.App.3d at p. 653.)

## II.    Untimeliness of request

The untimeliness of TriCoast's request also supports the trial court's denial of relief under section 631, subdivision (g). TriCoast did not offer to post jury fees or request a jury until the day of trial, and the trial court denied the request as untimely.

The timeliness of a request for relief from jury waiver is a factor the court may consider when exercising its discretion under section 631, subdivision (g). (*Gann, supra*, 231 Cal.App.3d at p. 1704.) Courts have denied as untimely requests for relief made on or near the day of trial. (See *Still, supra,* 21 Cal.App.3d at pp. 387-388 [no abuse of discretion in denying request for relief from jury waiver made on the morning of trial]; *Sidney v. Rotblatt* (1956) 142 CalApp.2d 453, 455-456 [affirming denial of request for relief made at outset of trial]; see also *Gann, supra*, 231 Cal.App.3d at pp. 1704-1705 [no abuse of discretion in denying request for relief from, jury waiver made five days before

11

trial].)**[6]** The trial court did not abuse its discretion by denying TriCoast's request as untimely.

## III. Prejudice to Fonnegra

TriCoast contends the trial court improperly denied its request for relief under section 631 because Fonnegra had initially requested a jury trial and would have suffered no prejudice. As support for this contention, TriCoast cites *Boal, supra*, 165 Cal.App.3d 806, in which the court stated: "[I]t is well settled that, in light of the public policy favoring trial by jury, a motion to be relieved of a jury waiver should be granted unless, and except, where granting such a motion would work serious hardship to the objecting party." (*Id.* at p. 809.) That principle, while broadly articulated, has been applied by courts more narrowly—where the party seeking relief mistakenly waived a jury. In *Boal*, for example, the plaintiff had given notice during pretrial proceedings that he desired a jury trial. In subsequent proceedings, the plaintiff was represented by new counsel, who unaware that the client had previously requested a jury trial, mistakenly marked a form indicating jury waiver. (*Ibid.*; see *Tesoro del Valle Master Homeowners Assn v. Griffin* (2011) 200

---

**[6]**    *Simmons v. Prudential Ins. Co.* (1981) 123 Cal.App.3d 833 and *Bishop, supra*, 101 Cal.App.3d 821, in which the courts held that denial of a request for relief from jury waiver on the day of trial was an abuse of discretion, are distinguishable. In *Bishop*, the respondent's attorney "candidly admitted" that his client's rights would not be prejudiced by a jury trial. (*Bishop*, at p. 824.) The court in *Simmons* based its reversal in part on the trial court's failure to comply with a statutory mandate in effect at the time that required the court to provide the parties with 10 days' written notice of a jury trial waiver and to continue the trial if necessary to allow the notice to be given. (*Simmons*, at p. 838.)

12

Cal.App.4th 619, 628, 638 (*Tesoro*) [mistake in late posting of jury fees because of conflicting statutes]; *Johnson-Stovall v. Superior Court* (1993) 17 Cal.App.4th 808, 810 [plaintiff requested a jury trial in its case management statement but did not timely post jury fees]; *Massie, supra*, 4 Cal.App.4th at p. 412 [untimely posting of jury fees attributable to party's unfamiliarity with local court rule]; *Gann, supra*, 231 Cal.App.3d at p. 1704 ["court abuses its discretion in denying relief where there has been no prejudice to the other party or to the court from an *inadvertent* waiver" (italics added)]; *Wharton, supra*, 231 Cal.App.3d at p. 104 [failure to timely deposit jury fees resulting from confusion concerning the proper amount to be posted]; *Winston, supra*, 196 Cal.App.3d at p. 602 [inadvertent waiver shown where failure to post fees occurred from inconsistency in timing requirement among statutes]; *Byram, supra*, 74 Cal.App.3d at p. 654 [inadvertent waiver when attorney relied on his secretary to deposit jury fee and she failed to do so]; *March v. Pettis* (1977) 66 Cal.App.3d 473, 479-480 [relief provisions of § 631 protect against unknowing waivers, not express waivers].)

TriCoast does not claim that it mistakenly waived a trial by jury. Rather, the record indicates that TriCoast's decision not to pay the jury fee was intentional, not the result of any misreading of the statute or court rules. TriCoast's argument that it relied on Fonnegra's jury fee deposit, was duped into believing that a jury trial would occur, and was prejudiced when Fonnegra exercised his right to waive a jury, ignores the statutory requirement that TriCoast, and not Fonnegra, timely pay the $150 jury fee.

Even in cases where the jury waiver was mistaken or inadvertent, we disagree with courts that have suggested the

13

opposing party bears the burden of demonstrating prejudice from the granting of relief from waiver. (See, e.g., *Tesoro, supra*, 200 Cal.App.4th at p. 639; *Johnson-Stovall, supra*, 17 Cal.App.4th at pp. 811-812; *Massie, supra*, 4 Cal.App.4th at p. 411.) Section 631 imposes no such burden. Rather, the plain language of the statute makes the granting of such relief within the trial court's discretion. (§ 631, subd. (g).) Prejudice to the parties is just one of several factors the trial court may consider in exercising that discretion. (*Gann, supra*, 231 Cal.App.3d at p. 1704.)

## IV.    Failure to establish abuse of discretion

TriCoast bears the burden of affirmatively demonstrating error by the trial court. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*).) When reviewing a trial court's order for abuse of discretion, an appellate court presumes that the order is correct. As a general rule, "[a]ll intendments and presumptions are indulged to support [the order] on matters as to which the record is silent, and error must be affirmatively shown." (*Ibid.*)

The record on appeal is sparse. It does not contain the parties' status conference statements, or transcripts or minute orders from any pretrial status conference. We accordingly presume that the trial court's order denying TriCoast's request for relief from jury waiver is correct, indulging all  intendments and presumptions in favor of the order, and drawing all reasonable inferences from the facts to support the order. (*Denham, supra*, 2 Cal.3d at p. 564.) TriCoast fails to overcome these presumptions and has not sustained its burden of demonstrating error on the part of the trial court.

14

## DISPOSITION

The judgment is affirmed. Fonnegra shall recover his costs on appeal.

_____
CHAVEZ, J.

I concur:

_____
LUI, P. J.

*TriCoast Builders, Inc. v. Fonnegra*, B303300
ASHMANN-GERST, J., Dissenting.


Respectfully, I dissent.

Trial by jury is a "'right so fundamental and sacred to the citizen whether guaranteed by the Constitution or provided by statute, [and] should be jealously guarded by the courts.'" (*Wharton v. Superior Court* (1991) 231 Cal.App.3d 100, 103.) Thus, a party seeking relief from a waiver need not show prejudice in order to obtain that relief. "But a party opposing a motion for relief from a jury trial waiver must make a showing of prejudice. Because [respondent Nathaniel Fonnegra (Fonnegra)] did not make that showing, the trial court erred in denying [appellant TriCoast Builders, Inc.'s (TriCoast)] motion." (*Mackovska v. Viewcrest Road Properties LLC* (2019) 40 Cal.App.5th 1, 4 (*Mackovska*).)

## FACTUAL AND PROCEDURAL BACKGROUND

*Trial*

Approximately four years after TriCoast initiated this lawsuit against Fonnegra and others, a scheduled jury trial between TriCoast and Fonnegra began.[1] In fact, the trial court's minute order from the first day of trial describes the "NATURE OF PROCEEDINGS" as a "JURY TRIAL." And, at the onset of these proceedings, the trial court called the matter for a jury trial. Thereafter, the trial court's minute order indicates that Fonnegra waived jury trial. TriCoast immediately objected and moved the trial court to proceed by jury trial and to allow

---

[1] As the majority points out, the other defendants either prevailed by demurrer and/or summary judgment or settled with TriCoast.

TriCoast to post jury fees that day as counsel had prepared for a jury trial.  After all, to let TriCoast know "the morning of trial" that Fonnegra was waiving a jury was "unfair."

Noting that TriCoast had never posted jury fees, Fonnegra moved for the case to proceed to a bench trial pursuant to Code of Civil Procedure section 631, subdivision (d).[2]

The trial court stated:  "When the fees haven't been paid, and you haven't paid them, the party that did pay them has waived the jury trial, so that's it."  The trial court's minute order confirms that TriCoast's oral motion to proceed by jury trial was denied; by not paying jury fees, TriCoast waived its right to a jury.

Later, when counsel and the trial court were discussing witnesses, the trial court asked TriCoast's counsel if he wanted to call his first witness.  Counsel replied:  "I thought we were going to have a jury trial today, and he was on his way here.  He was going to be here at around 11:30."  Counsel continued:  "[T]he problem is we were told that there wouldn't be a jury when we walked in this morning.  We were told that a jury would not be impaneled today."

*Judgment*

Following trial, judgment was entered in favor of Fonnegra.

*Motion for New Trial*

TriCoast promptly moved for a new trial, arguing, inter alia, that the trial court erred when it denied TriCoast's motion for a jury trial.  In support, TriCoast submitted a declaration from its counsel, who averred:  "[d]uring four years of pretrial

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

proceedings in this case, [Fonnegra] demanded a jury trial. [TriCoast] did not demand a jury trial or post jury fees. Nonetheless, [TriCoast] was required to prepare for a jury trial as a result of Fonnegra's demand. And, [TriCoast] expended considerable resources in doing so and tailored its opening statement, exhibits, witnesses, and presentation for a jury." Furthermore, in the two years prior to trial, "the [trial] court encouraged [Fonnegra] to waive the jury" but he was not "willing to do so." And, after the trial court called the matter for a jury trial, TriCoast "had placed its four sets of exhibit books, placed the projector for the jury to follow the exhibits, and reviewed voir dire and opening statement written for the jury."

*Appeal*

TriCoast's motion for a new trial was denied, and this timely appeal ensued.

## DISCUSSION

I. *Standard of review and relevant law*

"When parties elect a judicial forum in which to resolve their civil disputes, article I, section 16 of the California Constitution accords them the right to trial by jury." (*Grafton Partners v. Superior Court* (2005) 36 Cal.4th 944, 951 (*Grafton*).) "The statute implementing this constitutional provision is section 631. It holds inviolate the right to trial by jury, and prescribes that a jury may be waived in civil cases only as provided in subdivision (d) of its provisions. (§ 631, subd. (a).) Subdivision (d) describes six means by which the right to jury trial may be forfeited or waived, including . . . failure to pay required fees in advance or during trial." (*Grafton*, *supra*, at p. 951.)

"The court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by

3

jury." (§ 631, subd. (g).) The question then becomes what to consider when assessing a trial court's exercise of that discretion. "Some cases hold that when a party seeks review of [an order denying relief from a jury waiver] on appeal from the judgment without having filed a petition for writ of mandate challenging the order, the party must show actual prejudice from the denial of a jury trial." (*Mackovska, supra,* 40 Cal.App.5th at p. 4.) "[M]ore recent cases . . . have affirmed that a party appealing from an order denying a jury trial need not show prejudice." (*Id.* at p. 17.)

While the majority sides with the first line of cases, I "agree with the latter line of cases." (*Mackovska, supra,* 40 Cal.App.5th at p. 4.) After all, it is "difficult, if not impossible, . . . to show prejudice from the denial of the constitutional right to a jury trial." (*Mackovska, supra,* at p. 16.)[3] Thus, "[t]he trial court should grant a motion for relief of a jury waiver 'unless, and except, where granting such a motion would work serious hardship to the objecting party.' [Citations.]" (*Id.* at p. 10; see also *Grafton, supra,* 36 Cal.4th at p. 958; *Tesoro del Valle Master Homeowners Assn. v. Griffin* (2011) 200 Cal.App.4th 619, 638 (*Tesoro*); *Boal v. Price Waterhouse & Co.* (1985) 165 Cal.App.3d 806, 809.)

---

[3]    For this reason, I disagree with the majority's contention that "TriCoast's failure to demonstrate prejudice from proceeding with a court trial after its request for relief from jury waiver was denied supports affirmance of the trial court's order." (Maj. Opn., at p. 11.) Because we presume that TriCoast received a fair and impartial court trial (*Gann v. Williams Brothers Realty, Inc.* (1991) 231 Cal.App.3d 1698, 1704), it would be nearly impossible for TriCoast to do so, and the majority does not explain what sort of prejudice could be shown.

4

"Denying relief where the party opposing the motion for relief has not shown prejudice is an abuse of discretion." (*Mackovska*, *supra*, 40 Cal.App.5th at p. 10; see also *Tesoro*, *supra*, 200 Cal.App.4th at pp. 638–639; *Gann v. Williams Brothers Realty, Inc.*, *supra*, 231 Cal.App.3d at p. 1704 ["The court abuses its discretion in denying relief where there has been no prejudice to the other party or to the court from an inadvertent waiver"].) In fact, "[w]hen there is doubt about whether to grant relief from a jury trial waiver, [we] must resolve that doubt in favor of the party seeking a jury trial. [Citations.]" (*Mackovska*, *supra*, at p. 10.)

II. *The trial court abused its discretion in denying TriCoast's motion for relief from the jury trial waiver.*

Certainly TriCoast waived its right to a jury trial by not posting the requisite jury fee timely. But the analysis does not stop there. Rather, we must ask whether the trial court erred in denying TriCoast's motion to be relieved from its waiver. I conclude that it did. Simply put, Fonnegra has not demonstrated any prejudice to him had a jury trial been held.[4]

Urging us to affirm, Fonnegra argues that "[t]here is a fair inference that one reason the trial court granted the request of Fonnegra's counsel [to proceed by way of bench trial] was to aid

---

[4]     Even if TriCoast were required to demonstrate prejudice, the appellate record confirms that it did. As counsel declared: TriCoast "was required to prepare for a jury trial as a result of Fonnegra's demand. And, [it] expended considerable resources in doing so and tailored its opening statement, exhibits, witnesses, and presentation for a jury." Counsel additionally averred that TriCoast "had placed its four sets of exhibit books, placed the projector for the jury to follow the exhibits, and reviewed voir dire and [the] opening statement written for the jury."

5

the scheduling of witnesses and streamline the trial.  That benefit is enough to justify the court's exercise of its discretion." That supposed inference is unsubstantiated.  As the appellate record confirms, the trial court was prepared to start a jury trial that morning.  In fact, the trial court's minute order identifies the "NATURE OF PROCEEDINGS" as a "JURY TRIAL."  And, the first step the trial court took was to call the matter for a jury trial.  Thus, the more likely inference is that up until the moment Fonnegra waived a jury trial, which occurred after the matter was called, even the trial court was prepared for a jury trial.

Regardless, even if I were to accept Fonnegra's contention, it is not enough for TriCoast to have been denied its right to a jury trial; Fonnegra still has not presented any evidence or argument of prejudice.  (*Mackovska*, *supra*, 40 Cal.App.5th at p. 10 ["the crucial question is whether the party opposing relief will suffer any prejudice if the court grants relief.  [Citations.]"].)

Nor is there any indication of "gamesmanship" by TriCoast. (*Mackovska*, *supra*, 40 Cal.App.5th at p. 15 ["The Supreme Court has made clear that . . . improper gamesmanship arises when a party loses a case after proceeding with a court trial *without objecting to the absence of a jury* and then complains the case was erroneously tried to the court"].)  Up until the morning of trial, it appeared that the matter was going to proceed by jury.  Thus, TriCoast expended considerable resources preparing for that jury trial.  Only after the matter was called, did Fonnegra waive a jury and move to proceed by way of bench trial.  And when the trial court indicated its inclination to grant Fonnegra's motion, TriCoast objected and offered to pay jury fees that day.  Based on these facts, "[t]here is no suggestion in the record [that TriCoast]

6

was playing games with his right to a jury trial, and [Fonnegra] does not argue [that it] was." (*Mackovska*, *supra*, at p. 15.)

I understand the majority's concern about the waste of judicial resources in sending this back for a new trial.[5] But the right to a jury trial is "inviolate" in California, and the failure to conduct one when a party who has that right requests one is reversible error per se. (Cal. Const., art. I, § 16; *Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, 493 ["Denial of the right to a jury trial is reversible error per se, and no showing of prejudice is required of a party who lost at trial"].)

I would remand the matter to the trial court with instructions to allow a new trial by jury.


, J.
ASHMANN-GERST

---

[5] A writ of mandate would have been the better remedy to secure the right to a jury trial. (*Monster, LLC v. Superior Court* (2017) 12 Cal.App.5th 1214, 1224.) Nonetheless, the denial of a jury trial is reviewable on appeal from the judgment. (*Ibid.*; see also *Selby Constructors v. McCarthy* (1979) 91 Cal.App.3d 517, 522–523.)