Filed 11/30/22  Nguyen v. Weiss CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| TONY NGUYEN, | G060260 |
| Cross-defendant and Appellant, | (Super. Ct. No. 30-2017-00958200, consol. w/ 30-2017-00958403) |
| v. | |
| ANDREW WEISS, | O P I N I O N |
| Cross-complainant and Respondent. | |


Appeal from a judgment of the Superior Court of Orange County, James L. Crandall, Judge.  Affirmed.

Tony Nguyen, in pro. per., for Cross-defendant and Appellant.

Law Offices of Andrew D. Weiss and Andrew D. Weiss for Cross-complainant and Respondent.

\*          \*          \*

Tony Nguyen appeals from the trial court's entry of judgment, after a bench trial, in favor of Andrew Weiss on Weiss's cross-complaint for malicious prosecution. Like Nguyen's equally voluminous request for permission, as a vexatious litigant, to file his appeal in this matter, his 111-page opening brief is difficult to parse. Indeed, it is practically "indecipherable," as this court said in a prefiling order in this case regarding Nguyen's 127-page request for permission to file the appeal, which this court accordingly restricted in scope.

Nguyen raises 15 issues on appeal in the argument section of his opening brief. The vast majority of these contentions contain no reasoned argument, no citation to authority or to the record, and are essentially incomprehensible. To the extent we can discern a point, most are also outside the scope of our prefiling order, and therefore unreviewable. As we explain, the two arguments that appear to be cognizable have no merit; we therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Nguyen did not initially heed his responsibility, as a vexatious litigant, to seek permission to file this appeal. (Code Civ. Proc.,[1] § 391.7, subd. (b).) In response to this court's order at the outset of the case reminding Nguyen of this obligation, he filed his 127-page request. We observed in our ensuing order that the request was "largely indecipherable" and that among the "only discernable references" was mention of "denial of a jury trial," and, as to that issue, we noted it appeared Nguyen "did not post jury fees and did not appear at trial. . . ."

Nguyen indicated in his belated request for permission to file the appeal that he sought to challenge the judgment regarding not only the cross-complaint in this action, but also the court's decision against him on his complaint and similarly the judgment against him on his complaint in a related action (Case No. 30-2017-00958403).

---

[1] All further statutory references are to this code unless noted otherwise.

2

Two co-appellants, also vexatious litigants, likewise sought to assert appellate challenges regarding matters outside Weiss's cross-complaint, but since neither they nor Nguyen met their burden under the prefiling requirements (§ 391.7), subd. (b)), we denied the joint request for permission to appeal regarding those matters. We dismissed the appeal as to the other appellants, Toan Thai and Minh Nguyet Nguyen.

Nevertheless, since the prefiling requirement does not extend to a vexatious litigant seeking to appeal an adverse judgment where he or she was the defendant (see *John v. Superior Court* (2016) 63 Cal.4th 91, 93), we allowed Nguyen's appeal to proceed "only as to the judgment as it pertains to the award of damages against [him] on respondent Weiss's cross-complaint." (Original underlining.)

Nguyen has largely ignored this limitation, as we specify more fully below. He makes only two challenges that are arguably within the scope of the prefiling order: denial of his request for a continuance, apparently on the day of trial although even this is unclear in Nguyen's brief, and whether the action should have been heard by a jury instead of the court. Because these issues are largely procedural in nature concerning the trial, it is enough to say here of the underlying dispute that it arose in the same circumstances as Nguyen's dozens of other appeals. As we noted in our prefiling order, Nguyen has initiated at least 25 appellate proceedings in this court, as well as more than 20 separate federal court proceedings, and the vast majority, like this one, have their "origins in a failed romance between . . . Nguyen and . . . Tu Hien Nguyen, the former wife of [a] respondent [in some of the cases,] Thien Tran."

Our prefiling order also noted that this appeal, like the others, is "rife with outlandish allegations that the defendants [here, Weiss] are agents of various communist organizations, involved in money laundering for terrorist groups, participating in sham marriage operations, and engaging in all sorts of unseemly and criminal conduct." True to form, this appeal also includes Nguyen's continued reference to irrelevant matters such as his claimed academic pedigree, including "over 08 Degrees from Bachelors to

3

Doctorates by Honor Scholarships and a H[arvard] graduate from Many Graduate-Research Programs." (Capitalization adjusted.)

As stated in our earlier order, when Nguyen filed his underlying complaint in this matter, the dispute "ensnared among others Tran's attorney, respondent . . . Weiss . . . in [the] incessant litigation." In response, Weiss cross-complained for malicious prosecution, and after a bench trial at which Nguyen did not appear, the trial court found in Weiss's favor, found he suffered $100,000 in compensatory damages, and awarded him $100,000 in punitive damages.

Nguyen now appeals, and because the brief factual and procedural details relevant to the few viable issues he raises can be set out most expeditiously in our substantive discussion, we do so below.

### DISCUSSION

As a preliminary matter, we find most of Nguyen's appellate contentions unreviewable for a variety of reasons that are often overlapping: they are incomprehensible; to the extent an argument can be deduced, it is usually outside the scope of our order limiting Nguyen to challenging matters pertaining to trial on the cross-complaint; and the arguments generally suffer from noncompliance with the rules governing appellate briefing and argument by all litigants.

As Nguyen is well familiar, given that we have set them forth in at least one of his earlier appeals, certain bedrock principles govern our review in all cases. "[F]undamental principles of appellate review" include the following: "(1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.) These principles are a "natural and logical corollary" of the fact that an appeal is not a retrial. (*Ibid.*)

4

Consistent with these principles, "[a]n appellant must affirmatively demonstrate error through reasoned argument, citation to the appellate record, and discussion of legal authority." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.) It is not enough simply to mention an issue or a ruling for general review. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 (*Badie*).)

To facilitate our review of hundreds of cases and hundreds of thousands of record pages annually, the parties on appeal must identify for each claim of alleged trial error the specific "page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "[O]n appeal it is manifestly 'the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing *exact page citations*.' [Citations.]" (*Nazari v. Ayrapetyan* (2009) 171 Cal.App.4th 690, 694, fn. 1, original italics.) Block citations to dozens of pages or, as Nguyen often does, to more than a hundred pages at a time, do not suffice. (See *Spangle v. Farmers Ins. Exchange* (2008) 166 Cal.App.4th 560, 564, fn. 3.) "If a party fails to support an argument with the necessary citations to the record, . . . the argument may be . . . deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see *Sharabianlou v. Karp* (2010) 181 Cal.App.4th 1133, 1149 ["we will not scour the record on our own in search of supporting evidence"].)

In light of these principles, "conclusory claims of error will fail" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408), and a brief that is no more than a "rambling and disjointed series of accusations" forfeits the party's claims. (*Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817.) These principles apply equally to self-represented parties. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

Nguyen's first of 15 numbered contentions in the argument section of his brief is representative of the failings that preclude review of the claim and all of his other

5

challenges. He states, in all capital letters after the numeral "1" in his argument section, that he and his co-appellants, whom we have already dismissed from the appeal "ARE VICTIMs OF VIOLENCE-HATE CRIMES and EXTORSION [*sic*] in A CRIMINAL CASE" and then proceeds to rant about a defendant on his complaint in this matter, Thien Tran, "and his Criminal Coward Lawyer Andrew Duff Weiss indicated [*sic*] Anthony Nguyen is crime victim of Violence by Deadly Weapon from" Tran. He then alludes further to unspecified, alleged "RICO activities" and that "Mr. Weiss was also partner or agent of many undercover agents of Vietnamese Communist Government included [*sic*] Bich An Nguyen (case G054555) and her sex-partner HOANG TU Esq. as a Shame [*sic?*] Marriage and Money Laundering Agent of Many Communist Agents in US and worldwide."

There is no discernible appellate legal argument in this morass of vituperation. While no appellate claim is raised, or at least none is clear, it *is* clear that the paragraph somehow relates to Nguyen's complaint against Thien Tran and to Nguyen's dismissed co-appellants. It has no relevance to any legal issues related to Weiss's cross-complaint, the merits of which Nguyen does not contest in the paragraph, nor elsewhere in his brief. Contention "1" is therefore outside the scope of issues our order permitted Nguyen to raise, which must concern the cross-complaint "<u>only</u>."

The same is true for most of the other "issues" Nguyen purports to raise. For example, in issue "10" and countless times throughout his brief, Nguyen repeatedly argues (we use the term advisedly) that the "TRIAL COURT abuse[d] the Civil Procedure and Marsy Laws to request the crime[] victims must have [*sic?* deposit?] $30,000 *to pursue the lawsuit to seek restitution and remedies against Andrew Weiss and his gang . . . .*" (Italics added.)

While it is not respondent's duty to explicate what Nguyen may have meant, respondent suggests these references are probably to the trial court's order "requiring Appellant to post a $30,000.00 bond pursuant to [s]ection 391.1 . . . ." That

section applies by its terms to the bond that may be required of a person previously found to be a vexatious litigant before he or she may *pursue his or her claims as* "the plaintiff."

Any disagreement Nguyen may have with the bond ruling are outside the scope of our prefiling order limiting the issues he may raise to those pertaining to his defense against Weiss's cross-complaint. Nguyen nowhere suggests the trial court required him to post a bond to mount his defense; rather, by his own statement of the issue the bond was a prerequisite to him "pursu[ing] the lawsuit to seek . . . remedies against . . . Weiss." Our order foreclosed such issues precisely because Nguyen did not meet his burden in requesting permission to file his appeal to present potentially meritorious issues. While we limited Nguyen's appeal as a vexatious litigant to issues related to his defense against the cross-complaint, Nguyen does not include the cross-complaint in the record on appeal, despite designating more than 2,300 pages in the record of appeal. This fact concisely illustrates that the appeal is devoid of legal merit; it is transparently an exercise in Nguyen simply venting about issues that are irrelevant on appeal.

Furthermore, as issues "1" and "10" illustrate, the many other numbered "issues" that Nguyen purports to raise in his argument section are no more than a heading extended to the length of a paragraph and filled with assertions, but devoid of reasoned discussion, legal authorities, or citation to the record. Thus in issue "3," Nguyen complains that "Judge James Crandall (as well as many Orange County Judges) did a lot of serious mistakes and errors in failed [*sic*] to comply [*sic*] Constitutional Laws, ADA Assistance, Jury Trial, Remedies for Victims under Marsy Laws, failed to have Fee Waivers for JURY TRIAL and [*sic*: incoherent] Police Witnesses can be testified in this TRIAL."

This is not reasoned argument. "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, [they are] waived." (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) Merely referencing unspecified

"Constitutional Law" is not adequate citation to authority, nor is an allusion to "ADA Assistance" or "Marsy Laws." Nguyen cites virtually no caselaw in his brief, does not identify in his table of contents where the few cases he string cites may be found, and none of the cases have anything discernible to do with his "argument" when he cites them. It is not an appellate court's role to "develop the appellants' arguments for them" (*Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1); the standard of review is to the contrary (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566).

Additionally, the record citations that Nguyen occasionally provides, often dozens or scores of pages earlier or later in the brief, are of no help; they are difficult, if not impossible, to correlate to Nguyen's numbered claims in his argument section. The purpose of precise record citations at the point of discussion is, as with "headings and coherent arguments in appellate briefs[,] 'to lighten the labors of the appellate [courts] by requiring the litigants to present their cause systematically and so arranged that [judges and court staff] may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.'" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)

We find that Nguyen runs afoul of one or more of the foregoing governing principles in each of his 15 numbered arguments, and they are all therefore forfeited. We also disregard other issues and arguments that may be strewn about in his introduction or statement of facts, without topic headings (*Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 165), or are raised for the first time in his reply brief (*Akins v. State of California* (1998) 61 Cal.App.4th 1, 17, fn. 9.)

By way of example, however, we discuss two issues that are comparatively easy to gather the gist of what he is saying and find the approximate place in the record where the alleged error is said to have occurred. We do so only to illustrate that there is no discernible merit in any of Nguyen's appellate contentions, as our quick resolution of these two exemplifies.

Nguyen contends in issue "2" that: "On 03/03/2021, even Plaintiffs Tony Nguyen – Toan Thai, Minh Nguyet Nguyen [original dash] noticed Tony Nguyen's Emergency Medical conditions (Military Head Trauma/Brain Blooding Circulation Diseases and other Serious Medical Conditions caused from Defendants WEISS and his gang ) [*sic*] to let [*sic*] Tony Nguyen requested many times before 03/03/2021."

Like the rest, this contention as stated is incomprehensible. We gather, however, that it relates to the trial court's denial of Nguyen's ex parte request for a continuance on the day of trial. Nguyen recounts the event in his factual recitation early in his brief: "On 03/03/2021, Plaintiff Tony Nguyen, during hearing by Court-Call, Plaintiff was under his Military Head trauma and Brain Disease, Side effects of Pains with above 30 Military Medical-Disabilities Conditions informed (along with Toan Thai and Minh Nguyet Nguyen) must go to VA/Military Emergency Department from his Serious Conditions and *requested to stay hearing* in EX PARTE 03/03/2021 and requested to continue JURY TRIAL with ADA accommodations." (Italics added.)

Nguyen then provides a discrete, accurate record citation to the trial court's minute order regarding its ruling: "The Court advised plaintiff that there has been no additional fee waiver received so the trial will proceed as a bench trial. [¶] 9:17 a.m. The court is in recess. [¶] 9:37 a.m. Telephonic conference held with defendant's counsel. [¶] Counsel advised that plaintiffs contacted the [trial] department and are currently at the VA hospital in Long Beach. [¶] The Court advised counsel that the trial will go forward. Counsel is to report to Department C33 to commence trial forthwith."

In the argument section of his brief, Nguyen cites no authorities and makes no reasoned presentation as to why the court allegedly erred in denying his request for a continuance. He appears to assume that by stating his request the trial court was required to grant it, and that by restating it we must reverse the trial court's ruling. Not so. A party's credibility in requesting a continuance is exclusively the province of the trial court to decide. (See *People v. Pride* (1992) 3 Cal.4th 195, 255 (*Pride*) ["The court could

9

reasonably conclude that the request for a continuance was brought solely for purposes of delay"].)

Here it is evident that the trial court did not believe Nguyen's proffered reason for the continuance. As respondent points out, the purported "Emergency Department Discharge Instructions" that Nguyen filed later on the same day as his continuance request appear to conveniently redact the time of discharge and say nothing of Nguyen's condition. The trial court heard from Nguyen on the Court Call and by its ruling determined Nguyen was not credible in making his request, whether that meant he was not at the hospital as he claimed or the request was otherwise manufactured on the day of trial and he could proceed telephonically, as he had done in making the request.

Moreover, the record is replete with Nguyen's earlier and later attempts to delay the matter indefinitely, supporting an implicit credibility conclusion by the trial court that Nguyen had no intention of proceeding with the trial promptly. Nguyen appeared again telephonically on March 5, 2021 to attempt to vacate the trial results, again giving the trial court the opportunity to assess his condition. And as respondent also points out, the blizzard of filings and ex parte applications that Nguyen kept up throughout March, as he had through the whole trial, amply "confirm[ed] that his ability to represent himself was no different before the trial, on the date of the trial, and after the trial."

A trial court's ruling on a request to continue trial, which is disfavored (Cal. Rules of Court, rule 1332(a)), is committed to the trial court's sound discretion, and we find no abuse of discretion in the trial court's ruling here. (*Pride*, *supra*, 3 Cal.4th at p. 255.)

The trial court's minute order similarly disposes of Nguyen's claim that the court erred in denying his belated request for a jury trial, or request for a waiver of jury trial fees, given that the order reflects Nguyen did not provide the requisite fee waiver information. It also appears the matter had been called for trial already by that date,

10

making such an eleventh hour request untimely.  (See *Massie v. AAR Western Skyways, Inc.* (1992) 4 Cal.App.4th 405, 412 [party must "act[] promptly to . . . seek relief from the jury waiver"].)  In any event, the right to a jury trial is waived when a party fails to appear for trial (§ 631, subd. (f)(1)); consequently, Nguyen's failure to secure a continuance and his decision not to appear for trial invalidates his claim he should have been provided a jury.[2]

---

[2]     Nguyen has filed a "request" that certain justices of this court who have authored opinions in his previous appeals be recused in this matter, including Justice Goethals.  The request is based on Nguyen's statement of his "loss [of] Trust [based] on These Judges'[] rulings and treatments in the past . . . ."  Individual justices determine whether they will recuse themselves from participating in deciding a matter on appeal.  (*Kaufman v. Court of Appeal* (1982) 31 Cal.3d 933, 937-940.)  Recusal or disqualification of an appellate justice is governed by canon 3E of the California Code of Judicial Ethics.  (*Housing Authority of Monterey County v. Jones* (2005) 130 Cal.App.4th 1029, 1040, fn. 6.)

Canon 3E(4) provides:  "An appellate justice shall disqualify himself or herself in any proceeding if for any reason:  [¶] (a) the justice believes his or her recusal would further the interest of justice; or [¶] (b) the justice substantially doubts his or her capacity to be impartial; or [¶] (c) the circumstances are such that a reasonable person aware of the facts would doubt the justices ability to be impartial."

Nguyen believes recusal is required because he does not "see any Evidence in past . . . Cases in this Court that These J[udges] will enforce Constitutional Laws" and other laws as he deems they should.  Adverse rulings are not a basis for recusal.  "[R]ulings against a litigant, even when numerous and continuous, do not [support] a charge of bias and prejudice."  (*Dietrich v. Litton Industries, Inc.* (1970) 12 Cal.App.3d 704, 719.)  This rule applies even when a higher court determines a ruling was erroneous (*ibid*.), which has not been the case in any of Nguyen's appeals.  We observe as a panel that a "'party's unilateral perception of an appearance of bias cannot be a ground for disqualification unless we are ready to tolerate a system in which disgruntled or dilatory litigants can wreak havoc with the orderly administration of dispute-resolving tribunals.' [Citation.]"  (*Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017, 1034.)  Justice Goethals denies the recusal request.

11

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to his costs.


                                        GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12