[No. A037457. First Dist., Div. Five. Feb. 18, 1988.]

ANNEX BRITISH CARS, INC., Plaintiff, v.
RAYMOND D. PARKER-RHODES et al., Defendants and
Respondents;
BREKUS & WILLIAMS, Appellant.

COUNSEL

Peter B. Brekhus and Brekhus & Williams for Appellant.

Benjamin Elliot Kaplan and Kaplan & Kaplan for Defendants and Respondents.

OPINION

KING, J.—In this case we hold that sanctions cannot be imposed upon counsel for violating a local court rule (Code Civ. Proc., § 575.2) unless the

court provides counsel with an opportunity to be heard prior to the imposition of the sanction.

The law firm of Brekhus & Williams appeals from an order imposing a $150 sanction. Although we believe a sanction is appropriate, and that the sanction imposed was eminently reasonable, we reluctantly reverse with directions to the superior court to hold a hearing to allow counsel to be heard on the sanctions issue.

Attorney Barry Wester of Brekhus & Williams appeared to oppose a motion in the Superior Court of Marin County without having filed any written opposition as required by the court's local rule. The trial court had learned from past experience that Brekhus & Williams may not file opposition to motions it believes to be nonmeritorious. The court pointed out to counsel that the local rule required written opposition to be filed, even to nonmeritorious motions, if counsel wanted to appear and argue against the motion.

The local rule at issue here, Marin Superior Court Law and Motion Policy section II, subdivision C, reads as follows: "*Effect of Late or Omitted Oppositions to Motions*—Opposition papers filed late will not be considered by the Court, and where this occurs, or where opposition papers are entirely omitted, no oral argument on the pending motion will be permitted unless the Court otherwise directs. Relief from the operation of this rule may be sought only by noticed written motion and may be conditioned upon payment of sanctions for non-compliance."

On appeal Brekhus & Williams contends it did not appear to orally argue against the motion, but only to respond to any argument made by the moving party. How this can be characterized as anything other than oral argument is beyond comprehension.

When Wester appeared the court refused to hear argument, but instead said it would continue the hearing on the matter to allow written opposition to be filed. Wester responded, "Perhaps we were unfamiliar with the requirements." The court then determined opposing counsel's hourly billing rate and imposed a sanction of $150 because opposing counsel would have to appear at the continued hearing. The court expressly stated the sanction was payable by Brekhus & Williams and not by its client. A minute order stated that the matter was continued for written opposition and that "Mr. Wester's office" was to pay a sanction of $150 to opposing counsel.

Brekhus & Williams did not appeal the order, but instead moved for reconsideration on the grounds that (1) the court lacked authority to

impose the sanction, and (2) no written opposition had been filed because another department of the court had previously chastised counsel concerning the filing of unnecessary papers in a discovery proceeding. At the hearing on the motion for reconsideration the court stated that it had the authority to impose the sanction, and refused counsel any opportunity to address the matter. In a written order denying reconsideration the court reasserted the imposition of the $150 sanction "pursuant to the court's prior minute order." In an obvious clerical error, however, the order required the *client* of Brekhus & Williams to pay the sanction.

Brekhus & Williams filed a timely notice of appeal from the order denying reconsideration. (See *Rabbit* v. *Vincente* (1987) 195 Cal.App.3d 170, 173-174 [240 Cal.Rptr. 524].)

## I

■ Respondents claim Brekhus & Williams lacks standing to appeal because the order denying reconsideration imposed the sanction on the client, not the law firm. The record demonstrates, however, that the court clearly intended to impose the sanction on the law firm. This intent was expressly asserted by the court when it initially imposed the sanction and is reflected in the unappealed minute order. The record suggests no subsequent contrary intent. It is obvious the imposition of the sanction on the client in the order denying reconsideration was a clerical error. Indeed, the court could not impose sanctions on the client without proof that the client was responsible for the rule violation. (Code Civ. Proc., § 575.2, subd. (b); *In re Marriage of Colombo* (1987) 197 Cal.App.3d 572, 579 [242 Cal.Rptr. 100].) The appropriate response is for us to construe the order as imposing the sanction solely on Brekhus & Williams. (See 9 Witkin, Cal. Procedure (3d ed. 1985) § 615, p. 600.) Brekhus & Williams has standing to appeal from the order as so construed.

## II

Code of Civil Procedure section 575.2 provides that local court rules may authorize the superior court to impose sanctions for rule violations, and may authorize the court to order a party or counsel to pay a moving party "the reasonable expenses in making the motion, including reasonable attorney fees." ■ Counsel, as an officer of the court, bears the professional responsibility to be aware of and knowledgeable about duly adopted local court rules.

■ The local rule at issue does provide for the imposition of sanctions for its violation. The clear purpose of the rule is to require written opposi-

tion to be filed so it can be considered by the court prior to the hearing with the objective of expediting a busy law and motion calendar.

Brekhus & Williams contends the sanction was not authorized by the local rule because (1) the rule did not require written opposition, so that the firm did not violate it, and (2) the rule did not permit sanctions as a condition of relief without a noticed written motion for relief.

These arguments are meritless. First, the local rule precluded oral argument without written opposition. It was counsel's *appearance* to orally oppose the motion without having filed written opposition, not merely the failure to file opposition, that constituted the rule violation. Second, the rule expressly authorized the court to condition relief upon payment of sanctions. The provision requiring a noticed written motion applied only as a prerequisite to a party's seeking relief, and does not appear intended to preclude sanctions upon the court's own motion.[1]

## III

█ Brekhus & Williams also contends the manner in which the court imposed the sanction was a violation of due process. This argument, which respondents completely ignore, has merit.

█ Sanctions cannot be imposed for a frivolous appeal or for bad faith actions or tactics under Code of Civil Procedure section 128.5 without giving fair warning and an opportunity to respond. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651-654 [183 Cal.Rptr. 508, 646 P.2d 179]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 961-962 [196 Cal.Rptr. 409].) █ These protections must be afforded in any situation where the state would deprive an individual of property (*In re Marriage of Flaherty, supra,* 31 Cal.3d at p. 651), and therefore must be afforded before sanctions are imposed under local rule pursuant to Code of Civil Procedure section 575.2. (See generally *State of California* ex. rel. *Public Works Bd.* v. *Bragg* (1986) 183 Cal.App.3d 1018, 1029 [228 Cal.Rptr. 576].)

Here the local rule clearly provided adequate warning that sanctions could be imposed for failure to comply with it. However, Brekhus & Williams was not given any opportunity to respond. (See *Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922, 930-935 [219 Cal.Rptr. 562].) It cannot be said the reconsideration proceeding afforded a sufficient opportu-

---

[1] Brekhus & Williams also contends the sanction cannot be justified as an exercise of authority under Code of Civil Procedure section 128.5 or the inherent power of the court. These arguments need not be addressed, as the court had authority to sanction under Code of Civil Procedure section 575.2 and the local rule.

nity to be heard, because the court addressed only its authority to impose sanctions and refused to allow counsel to address the issue of sanctions.

Brekhus & Williams was deprived of due process, and for this reason the superior court should have granted reconsideration. The authority to sanction for violation of local court rules is essential to ensure that the rules are followed, but it is basic that counsel must have the opportunity to be heard on the issue before sanctions can be imposed.

The order denying reconsideration is reversed with directions to the superior court to hold a sanctions hearing in accordance with this opinion. Each side shall bear its costs on appeal.

Low, P. J., and Haning, J., concurred.