Filed 9/24/24  P. v. Burgess CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098897 |
| Plaintiff and Appellant, | (Super. Ct. No. CR115729) |
| v. | |
| DWAYNE BURGESS, | |
| Defendant and Respondent. | |

The People, represented by the District Attorney of Sacramento County, appeal from the trial court's order vacating defendant Dwayne Burgess's[1] murder conviction following a prior appeal in which we concluded the People presented insufficient

---

[1]     Defendant's name is listed different ways throughout the record.  While the notice of appeal and our prior opinions use "Dwayne Lamont Burgess," the minute order from the resentencing hearing and the June 22, 2023 abstract of judgment use "Dwayne Burgess."  We use the latter name in this opinion.

1

evidence of felony murder under current law at a Penal Code² section 1172.6 evidentiary hearing. (*People v. Burgess* (2023) 88 Cal.App.5th 592, 594-595, 603-606.) The People contend they are entitled to a new evidentiary hearing to prove defendant's guilt of murder under current law. In the alternative, the People argue the trial court erred by vacating defendant's attempted robbery conviction, in addition to his murder conviction, and sentencing him to attempted robbery by false pretenses. Finally, the People argue they were denied due process on remand after our prior opinion and request a different trial judge to oversee further proceedings.

We disagree with the People that they are entitled to a new evidentiary hearing but agree the trial court exceeded its authority by vacating defendant's attempted robbery conviction. We therefore remand the case for the trial court to sentence defendant to attempted robbery and the attached firearm enhancement. We disagree with the People that they were denied due process and decline to order a new judge hear the case on remand.

FACTUAL AND PROCEDURAL BACKGROUND

In 1994, a jury found defendant guilty of first degree felony murder and attempted robbery, with a firearm enhancement attached to each count. (*People v. Burgess* (Mar. 31, 1995, C017967) [nonpub. opn.] (*Burgess I*).) At the time of defendant's trial, the jury was permitted to convict defendant of attempted robbery if he took the property with or without consent. (*Ibid.*) After defendant was convicted, our Supreme Court clarified the robbery standard by requiring a defendant take property *without* consent. (*People v. Burgess*, *supra*, 88 Cal.App.5th at pp. 603-604 (*Burgess II*), citing *People v. Williams* (2013) 57 Cal.4th 776, 788.)

---

² Further undesignated section references are to the Penal Code.

Defendant subsequently filed a petition for resentencing under section 1172.6, and the matter progressed to an evidentiary hearing. (*Burgess II*, *supra*, 88 Cal.App.5th at p. 597.) The trial court denied the petition. (*Id*. at pp. 598-599.) The trial court found in a detailed analysis that defendant had acted with reckless indifference and was a major participant during the commission of the underlying felony. (*Ibid*.) When describing the underlying felony, however, the trial court described facts substantiating only an attempted theft by false pretenses, i.e. a taking with consent. (*Id*. at pp. 605-606.)

Defendant appealed the denial of his petition, arguing insufficient evidence supported the trial court's finding he could currently be found guilty of murder because the felony the trial court found was not a qualifying target felony for felony murder. (*Burgess II*, *supra*, 88 Cal.App.5th at p. 603.) Defendant argued the insufficiency of the evidence entitled him to reversal of the trial court's order. The People, represented by the Attorney General, disagreed, relying on collateral estoppel to prevent relitigation of the jury's felony finding. (*Id*. at pp. 600-602.) The People otherwise argued that sufficient evidence supported the trial court's implied factual finding that defendant committed attempted robbery. (*Id*. at pp. 605-606.)

Because the law changed after defendant's trial, we concluded collateral estoppel did not prevent relitigation of whether defendant committed a qualifying target felony for felony murder. (*Burgess II*, *supra*, 88 Cal.App.5th at pp. 599-602.) Given that the trial court's factual findings supported only attempted theft by false pretenses, we agreed with defendant that he was entitled to reversal because insufficient evidence demonstrated he committed a qualifying target felony for felony murder. (*Id*. at pp. 603-606.) Accordingly, we reversed the trial court's dismissal of defendant's petition. (*Id*. at p. 606.)

On remand, the People argued they were entitled to a new hearing to establish defendant could presently be convicted of murder under the theory he acted with implied malice, i.e., with conscious disregard to human life. The People acknowledged they did

3

not advance this theory at defendant's evidentiary hearing and relied solely on a felony-murder theory to prove defendant could presently be convicted of murder. Still, the People contended ample evidence existed to demonstrate defendant acted with conscious disregard for human life when he was an accomplice to the act causing murder.

The trial court disagreed the People could proceed with a wholly new evidentiary hearing. It noted that extensive factual findings had already been made, which we concluded were insufficient to support murder under the felony-murder theory pursued by the People. The trial court did not fault the prosecution for failing to advance the conscious disregard theory at the evidentiary hearing, and by implication on appeal, because the trial court believed the evidence introduced at the evidentiary hearing did not support a finding of murder on that theory as well. The trial court further believed the People had their chance to prove defendant could currently be convicted of murder and theories never relied on could not be relitigated in a new evidentiary hearing. The trial court also noted the disposition of our opinion reversing the denial of defendant's petition provided for reversal without providing further direction, indicating our intent was that the petition would be granted. Accordingly, the trial court found the People were not entitled to a new evidentiary hearing and granted defendant's petition vacating his murder conviction.

Further, because we determined insufficient evidence supported the court's implied finding of attempted robbery at the evidentiary hearing, the trial court believed sentencing defendant to an attempted robbery conviction would result in an unauthorized sentence. The People disagreed with the trial court, but agreed with defendant that, in the alternative, the court could sentence defendant to attempted theft by false pretenses. Accordingly, the trial court vacated defendant's attempted robbery conviction and sentenced him to one year of time served.

The People appeal.

4

DISCUSSION

I

*The People Are Not Entitled To A New Evidentiary Hearing*

The People contend they are entitled to a new evidentiary hearing to prove defendant is guilty of murder under current law pursuant to either a felony-murder theory or a conscious disregard theory. We disagree.

The People initially point to the language of the remittitur and the overall tenor of our opinion to argue we did not intend to foreclose rehearing once defendant's case returned to the trial court. Because the trial court found legal grounds to deny the People's request for a new evidentiary hearing outside of the intent gleaned from the remittitur, and we agree with those grounds as will be explained *post*, we do not need to address the People's argument regarding the scope of the remittitur.

A

*The Law Of The Case Doctrine Applies To Section 1172.6 Proceedings*

The People argue the court did not have a legal basis to deny rehearing because double jeopardy does not apply to felony resentencing hearings, and thus the People are essentially free to pursue multiple evidentiary hearings in an effort to prove a defendant's guilt under current law. We agree double jeopardy does not apply to proceedings under section 1172.6. (*People v. Hernandez* (2021) 60 Cal.App.5th 94, 111; *People v. Mitchell* (2022) 81 Cal.App.5th 575, 588-589; *People v. Perez* (2022) 78 Cal.App.5th 192, 205, *People v. Flint* (2022) 75 Cal.App.5th 607, 618.) The felony murder resentencing scheme, however, requires a conviction be vacated when "the prosecution fails to sustain its burden of proof." (§ 1172.6, subd. (d)(3).) The People have a statutory right to appeal the trial court's and appellate court's decisions regarding whether the People have met this burden. (§ 1238, subd. (a)(6) [permits the People to appeal from "[a]n order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense"].)

5

But once the time to appeal an adverse judgment has passed and the judgment becomes final, the law of the case doctrine applies to bar relitigation of issues already determined.  (See *People v. Saibu* (2022) 81 Cal.App.5th 709, 716, 746-748 [remanding for the trial court to determine whether the defendant was entitled to resentencing on an attempted murder conviction given a change in the law, but prohibiting the parties from arguing the defendant's guilt for murder because the court had already granted defendant's petition on that conviction], citing *People v. Gray* (2005) 37 Cal.4th 168, 196-197 [explaining the law of the case doctrine's purpose of promoting finality and judicial economy].)  There is no indication the Legislature intended for this ubiquitously used legal doctrine not to apply to felony resentencing petitions.  "We arrive at this conclusion based on the well-settled principle that ' "[t]he Legislature is deemed to be aware of existing laws and judicial decisions . . . in effect at the time legislation is enacted and to have enacted and amended statutes ' " 'in the light of such decisions as have a direct bearing upon them.' " ' " ' "  (*People v. Hola* (2022) 77 Cal.App.5th 362, 370, italics omitted (*Hola*).)  Thus, the law of the case doctrine precludes the People from relitigating issues already litigated and determined, including the sufficiency of the evidence supporting defendant's target felony.  (See *Burgess II*, *supra*, 88 Cal.App.5th at pp. 603-606.)

B

*The People Are Not Entitled To A New*
*Evidentiary Hearing To Prove Felony Murder*

Seeming to recognize the applicability of the law of the case doctrine, the People contend reversal in *Burgess II* was not based on insufficient evidence because they prosecuted the case on a legally invalid theory that the jury's finding of a target felony had preclusive effect.  Thus, the People's argument continues, *Burgess II* marked a postconviction change in the law imposing a new legal standard for proceedings held under section 1172.6.  The People rely on multiple cases to argue they are entitled to a

6

rehearing so they can make different arguments based on the same evidence to meet the clarified standard announced in *Burgess II* that the People must prove a qualifying felony, not shielded by collateral estoppel, for felony murder.

Generally, "[a] postconviction change in the law invalidating a prosecution theory is the equivalent of a trial error because it means the jury was instructed on a legally invalid theory. [Citations.] Moreover, as our high court has explained, the insufficient evidence rule barring retrial is 'inapplicable' in a situation where the reversal is based on a postconviction change in the law: 'The [insufficient evidence] rule achieves its aim— i.e., of protecting the defendant against the harassment and risks of unnecessary repeated trials on the same charge—by the device of giving the prosecution a powerful incentive to make the best case it can at its first opportunity. [Citation.] But the incentive serves no purpose when . . . the prosecution did make such a case under the law as it then stood; having done so, the prosecution had little or no reason to produce other evidence of guilt.' " (*Hola*, *supra*, 77 Cal.App.5th at p. 375, italics omitted.)

The People point to *People v. Chiu* (2014) 59 Cal.4th 155, 166-167, as an example of when a postconviction change in the law led to reversal of a defendant's conviction but allowed for retrial on a legally valid theory. In *Chiu*, our Supreme Court invalidated first degree accomplice murder based on the natural and probable consequences theory. (*Id.* at p. 166.) Our Supreme Court treated the first degree murder verdict in that case as being made pursuant to an invalid legal theory and permitted retrial for the prosecution to prove first degree murder under a valid theory, such as directly aiding and abetting a murder. (*Id.* at pp. 167-168.) As the People note, appellate courts have often treated reversals involving a change in the law, or issue unrelated to the sufficiency of the evidence, like our Supreme Court's treatment in *Chiu*. (See, e.g., *People v. Shirley* (1982) 31 Cal.3d 18, 23, 71 [rape conviction reversed for evidentiary error and case remanded for retrial without offending evidence], superseded by statute on another ground as stated in *People v. Alexander* (2010) 49 Cal.4th 846, 879; *People v. Garcia*

(1984) 36 Cal.3d 539, 544-545, 550, 558 (*Garcia I*) [felony-murder special-circumstance finding reversed and case remanded for retrial on the special circumstance because law changed after the defendant's trial invalidating the special circumstance instruction that assumed a defendant had the intent to kill]; *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 855-858 [conviction for felony theft of a vehicle reversed and case remanded for retrial because law changed after the defendant's trial to require vehicle be worth over $950]; *People v. Garcia* (2020) 46 Cal.App.5th 123, 146, 149-150, 156-157 (*Garcia II*) [felony-murder special circumstance reversed and case remanded for retrial when sufficient evidence showed the defendant could have been the actual killer but the instructions and prosecutor's argument permitted a true finding if the defendant was an aider and abettor]; *Hola*, *supra*, 77 Cal.App.5th at pp. 369-376 [second degree murder conviction premised on natural and probable consequence doctrine reversed and case remanded for retrial for the prosecution to try the case on a valid theory of murder].)

The difference between these cases and defendant's case is that defendant's case resulted in an order containing detailed factual findings regarding the series of events leading to and following the crimes, while the cases the People rely on involved jury trial verdicts where the factual findings supporting the verdicts were implied. (*People v. Shirley*, *supra*, 31 Cal.3d at p. 23; *People v. Chiu*, *supra*, 59 Cal.4th at p. 161; *Garcia I*, *supra*, 36 Cal.3d at p. 546; *People v. Gutierrez*, *supra*, 20 Cal.App.5th at p. 857; *Garcia II*, *supra*, 46 Cal.App.5th at pp. 130-131; *Hola*, *supra*, 77 Cal.App.5th at pp. 368-369.) For example, in the *Chiu* context, while courts permitted retrial when the jury was instructed with an invalid theory of murder, in cases where the jury was also instructed with a valid theory of murder and the verdicts, evidence, and arguments demonstrated beyond a reasonable doubt the jury selected the valid theory, the judgments were affirmed. (*Chiu*, at pp. 167-168; see *Garcia II*, at pp. 156-157 [defendants are not entitled to reversal if error harmless beyond a reasonable doubt]; *Hola*, at p. 376, fn. 14 [same]; see also *Shirley*, at pp. 69-70 [defendants are not entitled to reversal if

8

instructional error was harmless under state harmless standard].)  Accordingly, even if *Burgess II* constituted a postconviction change in the law, the People must demonstrate the court's factual findings would have changed, had it made them with the correct understanding of the law, such that the findings would support an attempted robbery conviction.

The only case the People cite that required retrial regardless of the resulting prejudice is *Garcia I*, in which our Supreme Court concluded per se reversal of a felony-murder special circumstance was required because the instructional error at issue deprived the defendant of due process by removing the intent-to-kill element from the required findings for the special circumstance.  (*Garcia I*, *supra*, 36 Cal.3d at pp. 550, 554, reconsidered in *People v. Anderson* (1987) 43 Cal.3d 1104, 1147 [limited the *Garcia I* holding to defendants who were not the actual killer].)  Our Supreme Court concluded per se reversal was required because the defendant's intent was completely removed from the jury's consideration, amounting to a due process violation so severe the United States Supreme Court would likely require per se reversal.  (*Garcia I*, at pp. 550-554.)  In contrast here, the trial court made factual findings regarding the whole of defendant's conduct—including his intent while committing the target felony.  The determinative factual question of defendant's intent was not removed from the fact finder's consideration, as was the case in *Garcia I*.

We now turn to whether the People can demonstrate the result would have been different had they pursued a theory that defendant committed a nonconsensual taking.  The People do not assert that they can introduce additional or new evidence, but only that, with a proper understanding of the law, they would emphasize different evidence and make different arguments regarding defendant's target felony.  But the People had ample incentive and opportunity to argue defendant and his codefendant intended to take property by force or fear.  The factual findings that established the felony defendant committed were intertwined with the facts that established the level of his participation

9

and recklessness. (See *Burgess II*, *supra*, 88 Cal.App.5th at p. 605.) Indeed, at the evidentiary hearing, the People emphasized defendant's and his codefendant's intent to take by false pretenses and by force or fear if necessary. The trial court accepted the People's argument defendant and his codefendant jointly intended to take by false pretenses. Nothing in the trial court's order indicated it adopted a valid theory of the evidence that defendant and his codefendant jointly agreed to take property from the victim without consent. (*Ibid.*)

The fact that our opinion in *Burgess I*, *supra*, C019767, indicated substantial evidence supported a theory defendant intended to take property without consent is irrelevant because appellate opinions are not evidence meant to sway the fact finder. (§ 1172.6, subd. (d)(3).) Indeed, *Burgess I* also concluded substantial evidence supported the now invalid theory of attempted robbery—that defendant intended to take by false pretenses. (*Burgess I*, *supra*, C017967.) Our review on direct appeal was limited to the jury's general verdicts and whether the evidence presented supported those verdicts. (*Ibid.*) Following an evidentiary hearing and the trial court's detailed order, our sufficiency of the evidence review is narrower and of the trial court's factual findings to determine whether those findings provide a sufficient basis for the judgment. (See *People v. Millard* (2009) 175 Cal.App.4th 7, 26 [" ' "If the circumstances reasonably justify the [trial court's] findings," the judgment may not be overturned when the circumstances might also reasonably support a contrary finding' "].) Given that the incentive for the People at a future rehearing is the same as it was before and they assert only that they would make different arguments at that hearing, as opposed to introducing new evidence, the People cannot show the trial court would have adopted the People's valid theory of defendant's guilt for felony murder had it known it was required to find a qualifying target felony. Accordingly, the People are not entitled to a new evidentiary hearing to prove defendant can currently be convicted of felony murder.

10

C

*The People Are Not Entitled To A New Evidentiary*

*Hearing To Prove Implied Malice Murder*

The People alternatively contend defendant can currently be convicted of implied malice murder. First, they argue we erred in *Burgess II* by ignoring the trial court's finding defendant is guilty of implied malice murder. Not so. The trial court made no finding of murder under a conscious disregard, i.e., an implied malice, theory. Indeed, the People admitted on remand that they did not advance any theory besides felony murder at the evidentiary hearing and the court did not consider any other theory of murder. In its order, the trial court entered a long discussion ultimately finding the People met their burden of demonstrating defendant was a major participant who acted with reckless indifference, "[t]hus the [c]ourt [found] that the People ha[d] proven each element of implied malice murder, beyond a reasonable doubt." When viewed in context, the "implied malice murder" the trial court referred to was felony murder (a form of imputed malice murder) and not implied malice, i.e., conscious disregard, murder. The trial court did not state the standard for implied malice murder or analyze the facts under that standard. Thus, we are unpersuaded by the People's argument the trial court found defendant guilty of implied malice murder. (See *Annex British Cars, Inc. v. Parker-Rhodes* (1988) 198 Cal.App.3d 788, 791 [the appropriate response by an appellate court in light of a clerical error is to construe the trial court's order as obviously intended by the trial court].)

The People secondly argue they are entitled to an evidentiary hearing to demonstrate defendant could be found guilty of murder under a conscious disregard, i.e., implied malice, theory. (See *People v. Vang* (2022) 82 Cal.App.5th 64, 91-92 [case remanded for potential retrial on valid murder theory after showing of insufficient evidence the defendant was the actual killer for purposes of the felony-murder rule and felony-murder special circumstance].) Again, unlike the general verdicts typically

11

rendered in trial (see *id*. at pp. 79-80), the trial court here made detailed factual findings involving defendant's intent and disregard for human life. The trial court on remand reviewed the order after the evidentiary hearing and determined there was insufficient evidence of an implied malice murder gleaned from the substance of the court's factual findings, which squarely addressed defendant's intent and disregard for human life. We agree.

" '[T]o be liable for an implied malice murder, the direct aider and abettor must, by words or conduct, aid the commission of the life-endangering *act*, not the result of that act. The mens rea, which must be personally harbored by the direct aider and abettor, is knowledge that the perpetrator intended to commit the act, intent to aid the perpetrator in the commission of the act, knowledge that the act is dangerous to human life, and acting in conscious disregard for human life.' " (*People v. Reyes* (2023) 14 Cal.5th 981, 991, some italics omitted.)

Here, the life endangering act was defendant's accomplice's firing of a gun at the victim. Contrary to the People's contention, the life endangering act is not defendant's conduct of brandishing a gun because defendant's brandishing of a gun did not proximately cause the victim's death. (*People v. Reyes*, *supra*, 14 Cal.5th at pp. 991-992, quoting *People v. Powell* (2021) 63 Cal.App.5th 689, 713, fn. 27 ["The relevant act is the act that proximately causes death"].) The trial court did not find that defendant shared in the intent to fire a gun at the victim, but instead to take property by false pretenses. The trial court further found that defendant escalated tensions by firing his gun first into the air when the victim caught on to his and his accomplice's plan. While defendant's conduct constituted an escalation of tensions and may even be reckless, no factual finding established defendant intended for his accomplice to shoot at the victim—for the purpose of taking property or otherwise. Thus, the trial court's factual findings provide insufficient evidence of an implied malice murder. Accordingly, the People are precluded from holding a new evidentiary hearing to prove that theory of murder.

12

## II

### *The Trial Court Erred By Vacating Defendant's Attempted*
### *Robbery Conviction For Lack Of Substantial Evidence*

The People contend the trial court erred by vacating both defendant's murder conviction and his attempted robbery conviction. Specifically, the People argue the trial court was precluded from vacating these convictions because their inability to demonstrate defendant's guilt was not premised on changes made to the felony-murder rule. We agree the court was prohibited from vacating defendant's conviction for attempted robbery and its attached enhancement, but we disagree that the trial court was prohibited from vacating defendant's conviction for murder.

Defendant was originally convicted of first degree murder and attempted robbery, each with an attached firearm enhancement. (*Burgess I*, *supra*, C017967.) Section 1172.6, subdivision (d)(3) provides, "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the [defendant] shall be resentenced on the remaining charges." When the prosecution fails to meet its burden and a target offense was not originally charged, a trial court may redesignate the murder conviction as long as the redesignated offense is supported by substantial evidence. (§ 1172.6, subd. (e); *In re I.A.* (2020) 48 Cal.App.5th 767, 775; *People v. Del Rio* (2023) 94 Cal.App.5th 47, 56.)

Here, the trial court was required to vacate defendant's murder conviction and attached enhancement because the prosecution failed to meet its burden as established by the trial court's factual findings. (§ 1172.6, subd. (d)(3).) To the extent the People argue this relief was inappropriate for defendant's murder conviction because the People's inability to meet their burden was unconnected to changes to the felony-murder rule, the People are essentially arguing for sufficient evidence of the target felony. The sufficiency of the evidence supporting defendant's target felony was raised in *Burgess II*, *supra*, 88 Cal.App.5th at pages 603-606. The law of the case doctrine prevents us from

13

revisiting the issue related to defendant's murder conviction. (*People v. Gray*, *supra*, 37 Cal.4th at p. 196 [the law of the case doctrine precludes multiple reviews of the same issue in a single case without regard to the merits of the prior ruling].)

The People further cannot avail themselves of an exception to the law of the case doctrine. (*People v. Gray*, *supra*, 37 Cal.4th at p. 197 [the law of the case does not apply if it leads to an unjust result].) They contend it is a violation of public policy to permit *Burgess II* to stand because we improperly measured the sufficiency of the evidence by examining the trial court's factual findings and not the whole of the evidence presented at the evidentiary hearing. But our review of the sufficiency of the evidence is not as broad as the People would have us believe. " 'The " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' *to support the trial court's findings*." . . . We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact.' " (*People v. Millard*, *supra*, 175 Cal.App.4th at p. 26, italics added.) Our review of the evidence was guided by the inferences of the trial court following the evidentiary hearing, which did not include an inference that defendant intended to take property by force or fear. (*Burgess II*, *supra*, 88 Cal.App.5th at p. 605.) Accordingly, the trial court did not err by vacating defendant's murder conviction and attached enhancement.

The trial court vacated defendant's attempted robbery conviction because the order following the evidentiary hearing failed to provide sufficient evidence of attempted robbery. However, section 1172.6 mandates that defendants be sentenced to remaining offenses in the event their murder conviction is vacated; section 1172.6 does not permit courts to alter a defendant's convictions for offenses other than murder. (§ 1172.6, subd. (d)(3); *People v. Fouse* (2024) 98 Cal.App.5th 1131, 1145-1146.)

Regardless, the trial court was mistaken that the order after the evidentiary hearing contained insufficient evidence of defendant's liability for attempted robbery as a

14

nontarget felony offense.  Indeed, the natural and probable consequences doctrine remains a valid theory of liability for offenses other than murder.  (§§ 188, subd. (a)(3), 189, subd. (e); see, e.g., *People v. Robins* (2020) 44 Cal.App.5th 413, 422.)  Under that doctrine, aiders and abettors are guilty of the offense they intended to facilitate and encourage, as well as "any reasonably foreseeable offense [other than murder] committed by the actual perpetrator."  (*People v. Miranda* (2011) 192 Cal.App.4th 398, 407-408.)  The "issue does not turn on the defendant's subjective state of mind."  (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 531.)  Instead, it depends on whether, under the circumstances, a reasonable person "should have known that the charged offense was a reasonably foreseeable consequence of the act" the defendant aided and abetted.  (*Ibid.*)

Here, defendant aided and abetted an armed theft of drugs by false pretenses from a man known to carry a gun.  Under these circumstances, reasonable people would know their armed accomplice may take property without consent and use a weapon against the intended victim during the course of the taking, even if they did not share in the intent for the accomplice to do so.  Accordingly, the trial court erred by vacating defendant's attempted robbery conviction and attached firearm enhancement for lack of sufficient evidence.

### III

### *The People Were Not Denied Due Process*

The People contend they were denied due process because the trial court failed to "interact with the People's arguments."  The People acknowledge they were permitted to file motions and submit oral argument but argue the trial court refused to entertain those arguments and expedited consideration of the matter demonstrating a lack of due process. The People further request we recuse Judge Acquisto from further hearing the matter upon remand.  We disagree the People were denied due process and decline to order a new judge hear defendant's case upon remand.

15

The People's argument is mostly a summary of the reporter's transcript. Ultimately, they argue the trial court ignored reasons proffered for the court to recuse itself, to continue the matter, to deny defendant's petition, and to deny defendant's immediate release.[3] Our reading of the record does not align with the People's perspective. While at times the exchanges between the People and trial court seemed passionate, especially on the People's behalf, the trial court engaged with and responded to the People's arguments and provided legal reasoning for disagreeing with the People's positions. The trial court provided repeated opportunities for the People to voice their objections and their supporting arguments. At bottom, the trial court disagreed with the People. There was no denial of due process (see *Miller v. Superior Court* (1999) 21 Cal.4th 883, 896 [the People's right to due process does not mirror a defendant's right, "the prosecution's right to due process has been invoked to affirm its right to be heard in various preliminary or collateral proceedings and to oppose a defendant's claim of right to be heard ex parte and in camera"]), and we decline to order a new judge upon remand (Code of Civ. Proc., § 170.1 [authorizes disqualification of a judge where a reasonable person might doubt whether the trial judge was impartial]).

---

[3]     The People do not challenge any of these legal rulings in this appeal, except the trial court's granting of defendant's petition.

## DISPOSITION

The matter is remanded for the trial court to resentence defendant to attempted robbery and the attached firearm enhancement.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17